When this case was before us on the appeal taken by the defendant (43 N.Y., 171) the judgment was reversed on two grounds. One was that the plaintiffs having received the draft, and undertaken its collection, they were bound to show that they demanded payment of the drawees within due time, that payment was refused, and notice of such non-payment duly given to the drawers; and that in the absence of such proof they could not recover against the drawers, either upon the draft or the indebtedness for which it had been given. The facts then appearing were that the plaintiffs had presented the draft for payment upon the same day upon which they received it, and that the drawees, so far from refusing payment, gave their check for the amount, which check was good at the time, and during all the business hours of the day when given. That it was deposited by the plaintiffs in bank for collection, without having first been presented for certification at the bank upon which it was drawn, and went into the clearing-house the next day, when it was rejected, the maker of the check having in the meantime stopped payment, and the bank in which they kept their account having applied their funds to a debt due by them to such bank. No further demand of payment of the draft was shown to have been made upon the drawees *Page 548 
but the draft was allowed to remain in the hands of the drawees and the plaintiffs retained the check.
We held that in order to preserve their recourse upon the drawers of the draft the plaintiffs should, when the check was dishonored, have demanded back the draft and again presented it for payment, and, in case of refusal, given notice of such demand and refusal to the drawers, as was done in the case of Turner
v. Bank of Fox Lake (3 Keyes, 425), and Burkhalter v. SecondNat. Bank of Erie (42 N.Y., 538). There had been in fact, in the present case, no refusal by the drawees to pay the draft.
These facts were not changed on the second trial. The learned judge who dissented in the court below from the affirmance of the judgment rendered on the second trial, expresses the opinion that there was no necessity for protesting the draft, as the drawees, J.K. Place Co., were insolvent, and the drawers could therefore sustain no loss.
Where the omission of demand and notice cannot possibly operate to the injury of the indorser of a note or drawer of a draft, he will not be discharged, but such injury is presumed until the plaintiff, by proof on his side, removes all chance of damage. It has been held in some cases that if the indorser (drawer) know of the maker or acceptor's absolute and recorded insolvency, that is enough, though any insolvency short of that will not do; our own cases have not gone so far toward excusing want of demand. (SeeCom. Bank v. Hughes, 17 Wend., 98, and cases cited.) The mere insolvency of the drawee or acceptor of a draft is no excuse for neglecting to present it for payment. (Jackson v. Richards, 2 Caines, 343; Hunt v. Wadleigh, 26 Me., 271; Esdaile v.Lowerby, 11 East, 114; Edwards on Bills, 486 [marg].). There is no pretence that the drawers had not funds in the hands of the drawees. The laches of the plaintiffs in not again demanding payment of the draft when the check was returned were sufficient to discharge the liability of the defendants as drawers of the draft, and it consequently extinguished the debt for which the draft was given. (Story on Bills, § 109, and note.) *Page 549 
The other ground upon which we reversed the former judgment was that the check was good when given, and would have been paid or certified if presented with reasonable diligence, and that the amount of the check had been lost through the neglect of the plaintiffs to present it for certification or payment on the day on which it was received by them, they having had about two hours of that day in which they might have presented it, and that this neglect discharged the drawers of the draft. The plaintiffs had received from the drawees of the draft the means of obtaining the amount thereof, and by their own laches these means became unavailable, and the amount was lost both to them and the defendant. To meet this defence, evidence was introduced on the second trial for the purpose of showing that it was the universal custom in New York to deposit such checks in banks for collection through the clearing-house, without first presenting them for certification at the bank upon which they were drawn. We think that the plaintiffs failed to prove any such custom. Some witnesses testified that they were not in the habit of having checks certified before depositing them for collection. But the whole current of the evidence was to the effect that a large proportion of the checks deposited in bank for collection were certified before being deposited, and that each depositor exercised his own judgment as to whether or not to have checks certified before depositing. That if there was any doubt as to the responsibility of the maker of a check, it was customary to have it certified, and that when checks were deposited without being certified, this was done on the ground that the holder had such entire confidence in the responsibility of the maker that he was willing to take the risk of the check remaining good on the next day, and that the question whether or not the check should be presented for certification before being deposited, was determined by the amount of confidence the holder had in the drawer of the check. There was some slight conflict in the evidence on this subject, but not sufficient, we think, to require the submission of the question to *Page 550 
the jury, or to have justified them in finding the universal custom claimed by the plaintiffs to exist. There was positive and uncontradicted evidence of a contrary usage on the part of many dealers, and this showed that the custom testified to by one or two of the witnesses was not general. It is not necessary to decide whether in case the custom had been proved it would have governed the question of defendants' liability.
On both grounds we think the judgment should be affirmed.
All concur.
Judgment affirmed.