## FLETCHER G. WELCH

*v.*

## B. C. TAYLOR MANUFACTURING COMPANY.

1. BILL OF EXCHANGE—*drawer entitled to notice of non-acceptance or non-payment.* To charge the drawer of a bill of exchange by the payee, upon the ground of non-acceptance or non-payment, it is usually essential that proof be made of prompt notice to the drawer of such non-payment or non-acceptance, as the case may be.

2. Notice to the drawer of a bill of exchange of its non-acceptance or non-payment by the drawee is not essential, when the drawer is so situated that he can not be prejudiced by the want of notice.

3. SAME—*want of notice of non-payment excuses drawer when such want of notice may have injured him.* When a drawer of a bill of exchange, in good faith, believes that he has funds in the hands of the drawee to meet the bill, though, in fact, he may not have such funds, he is entitled to prompt notice of the non-acceptance or non-payment, and if such notice is not given he will not be liable to the payee. In such case the law does not require the drawer to show that he has been actually injured by the want of notice, but only that he *may* have been so injured.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. F. W. S. BRAWLEY, for the appellant.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was an action upon a bill of exchange, drawn in Chicago by appellant and his partner, payable to appellee,

addressed to one Taylor, of Cincinnati, Ohio, dated March 18, 1872.

On the trial, after proof of the execution of the draft or order, the drawee was introduced as a witness, and testified that, at the time the bill was drawn, the drawers had no funds in his hands, and that he did not, at that time, owe to them anything, and has not had any funds of the drawers in his hands since the date of this draft. He also stated that the draft was presented to him for payment soon after its date, and that he refused payment. He further testified that the drawers were notified that he had no funds in his hands, but failed to state when or how such notice was given. The witness was the president of the corporation to whom the bill was made payable.

Appellant testified, that the drawers formerly dealt with the drawee, and afterwards with the corporation (plaintiff below), which succeeded the drawee in business at Cincinnati; that the drawee was, at the time of the draft, indebted to the drawers to the amount of the draft, and that a statement of the accounts, showing that result, had been sent to the drawee in October, 1871. Witness further testified, that the drawers gave this draft to the payee in payment of so much of an account which the payee held against the drawers, and that the draft was accepted by the payee as such payment. And he further testified, that the drawers of the draft never had any notice of the presentment or protest of the bill of exchange, and that he did not know that the drawee denied the indebtedness against which the draft was drawn, until long after the draft was made.

This is the substance of all the material evidence.

To charge the drawer of a bill of exchange by the payee, upon the ground of non-acceptance or non-payment, it is usually essential that proof be made of prompt notice to the drawer of the failure of the drawee to accept or the failure to pay, as the case may be. This may be excused where the drawer is so situated that he can not be prejudiced by the want of notice. If, confessedly, the drawee had no funds of the drawer,

or was so situated that the drawer could have no reason to suppose that the draft would be honored, a want of notice could do the drawer no harm. No such case is made here. It is not material to this issue, whether, in absolute truth, the drawee had or had not funds in his hands, and so, in fact, was in duty to the drawer bound to honor this draft. It is sufficient that the drawers, in good faith, supposed the drawee was their debtor to that amount; that they had rendered a bill to that effect in October, 1871, which was not questioned, and therefore, by the neglect of the appellee, the drawers were left, for a long time after the default in payment, to suppose that their draft had been paid. If the drawers had been promptly notified of the drawee's refusal to honor the draft, they might have sued the drawee at once, and might have successfully shown what they now claim to be true. Want of such notice may have been injurious to the interests of the drawers. Their proofs against the drawee may have been weakened by time, or some statute of limitations may have intervened. The law does not require the drawers, in such cases, to show that they have, in fact, been injured thereby. It is sufficient that they *may* have been injured.

The judgment is reversed, and cause remanded for new trial.

*Judgment reversed.*