JAMES S. MANNING, as Surviving Partner of the Firm of A. C. MANNING & Co., Appellant, v. JAMES W. LYON, Respondent.

*Compulsory election between consistent causes of action — note of a third party given for property — failure to notify an indorser of non-payment.*

Compelling a plaintiff to elect between consistent causes of action, such as a cause of action upon an original indebtedness for property sold, and a cause of action upon the indorsement of the note of a third party taken in exchange for the property sold, is harmless, and affords no ground for reversing a judgment dismissing the complaint, where it appears that none of the plaintiff's evidence to establish the excluded cause of action was rejected, and that under all the evidence he was not entitled to recover thereon.

When a note made by a third party is exchanged for property, the presumption is that it was received in payment of the price of the property.

The mere failure of the maker to pay similar notes, affords no sufficient excuse to the holder of a note for omitting to present it for payment, and to notify the indorsers of its dishonor, so as to prevent the discharge of the indorsers.

APPEAL by the plaintiff, James S. Manning, as surviving partner of the firm of A. C. Manning & Co., from a judgment of the Supreme Court, in favor of the defendant, entered in the office of the clerk of the city and county of New York on the 25th day of February, 1893, upon a dismissal of the complaint by the court, after a trial, at the New York Circuit.

On the 20th day of January, 1890, A. C. Manning & Co. and James W. Lyon entered into a written contract by which the former agreed to sell, and the latter to purchase, an Otto gas engine for $1,250, to be paid for when set up and in running order, as follows: "$350.81 cash on completion of the work, and the balance in a promissory note made by the Salmon River Paper Co., for the sum of $899.19, and interest at the rate of five per cent, dated the 2d day of December, 1889, and payable to the order of Clark, Neergaard & Co., twelve months after its date, indorsed by the said Clark, Neergaard

& Co., also by J. W. Lyon & Co., and James W. Lyon, whose indorsement for the payment of the note is to be secured by a chattel mortgage on said Otto gas engine and fixtures."

On January 27, 1890, the engine was delivered in running order, and on that day the defendant paid $350.81 in cash, and indorsed and delivered the promissory note described in the contract, which was payable at the American Exchange National Bank. On the date last mentioned the defendant executed and delivered to the plaintiff a mortgage on the gas engine as provided by the contract "for securing the payment of the money hereinafter mentioned." This mortgage contained the following condition : "Upon condition that if I, the said party of the first part shall and do well and truly pay unto the parties of the second part, their executors, administrators or assigns, and discharge all my liability as endorser of and upon a certain promissory note," describing the note mentioned in the contract of sale. The note was not presented for payment at the time when and place where payable, nor was it protested.

*John J. Connelly*, for the appellant.

*Geo. W. Van Slyck*, for the respondent.

Follett, J. :

In the complaint the sale of the engine and the indorsement of the note were set out, and the plaintiff sought to recover on the original indebtedness, and also on the contract of indorsement. Before the case was opened the defendant moved that the court compel the plaintiff to elect whether he would seek to recover on the original indebtedness or on the indorsement. This motion was granted, the plaintiff excepted, and then elected to recover on the contract of sale. After the case had been opened, but before any evidence was offered, the plaintiff, with leave of the court, reconsidered his election and elected to seek to recover on the defendant's indorsement.

Assuming that the court erred in compelling the plaintiff to elect between these consistent causes of action (Abb. Tr. Brief, § 704 and cases there cited), we think it was an error without prejudice, causing no harm to the plaintiff. The contract of sale and the chattel mortgage were received in evidence without objection, and no evi-

dence offered by the plaintiff to establish the allegations was rejected. If under all the evidence the plaintiff was not entitled to a recovery on the original indebtedness, he was not harmed by the election he was compelled to make. Whether the defendant was liable upon the original indebtedness was a question which arose upon the original contract, chattel mortgage, and the testimony given on the trial, which was wholly undisputed, and was a question of law for the court. It is expressly provided in the contract that $899.19 of the purchase price of the engine should be paid by this note indorsed by the Clark, Neergaard Co., by J. W. Lyon & Co., and James W. Lyon. It is recited in the chattel mortgage that it was given for securing the payment of the money thereinafter mentioned. There is no provision in the mortgage acknowledging an indebtedness of the mortgagor to the mortgagee, nor does it contain a promise to pay any sum. The condition is that the party of the first part shall pay to the parties of the second part and discharge all his liability as indorser upon the note described.

When a note made by a third party is exchanged for property, the presumption is that it was received in payment of the price of the property. (*Whitbeck* v. *Van Ness,* 11 Johns. 409 ; *Noel* v. *Murray,* 13 N. Y. 167.) There is nothing in the evidence which tends to rebut this presumption, and upon the entire record we think the plaintiff was not entitled to recover on the original indebtedness.

Is the defendant liable on his indorsement? The note was not presented for payment when due, and no notice of non-payment was given to either indorser, nor is there any evidence that either indorser waived presentation of the note for payment or notice of its dishonor. The only excuse for not presenting it alleged in the complaint is the averment that before the maturity of the note the maker and first indorser became and ever since have remained insolvent. This fact was not proved. The only evidence bearing on this question was, that several notes of the same character as the one described in the complaint, were payable at the American Exchange Bank, that no funds were provided for their payment, and that they were not paid. It was not shown, nor was it attempted to be shown, that the maker or first indorser had no property out of which the sum due on the note, or some part of it, could not have been collected. Such a state of facts affords no legal excuse for the

plaintiff's failure to present the note for payment, and his neglect to notify the defendant of its dishonor. In this State the mere proof of the insolvency of the maker of a promissory note is not a sufficient excuse for failing to present the note for payment, and to notify the indorser of its dishonor. (*Smith* v. *Miller*, 52 N. Y. 545.)

Plaintiff did not ask to have any question of fact submitted to the jury, nor did he except to the direction of a verdict for defendant.

Of course this court has power to grant a new trial, even though no exception has been taken, in case the court below has heard or decided the issue on a wrong theory and it appears that injustice has been done the defeated party. But the case at bar does not call for the exercise of this power.

The judgment should be affirmed, with costs.

O'Brien and Parker, JJ., concurred.

Judgment affirmed, with costs.

