WILLIAM BROWN SMITH, Respondent, v. SYRACUSE IMPROVE-
MENT COMPANY, Appellant, Impleaded with the CITY OF
SYRACUSE.

1. APPEAL — CONCLUSIVENESS OF FINDINGS OF FACT. Findings of
fact, made at a Trial Term, are conclusive upon the Court of Appeals where
an order of reversal in the Appellate Division was not made upon the
facts, but upon the law.

2. INVALIDITY OF PROCEEDING FOR PAVING IMPROVEMENT, IN THE CITY
OF SYRACUSE — STIFLING COMPETITION. A petition for the pavement of
a street in the city of Syracuse, "with vitrified paving brick, manufac-
tured by the New York Brick and Paving Company, of Syracuse, N. Y.,"
and all the proceedings had thereon by the common council, are in viola-
tion of the provisions of the city charter requiring the work to be let to
the lowest bidder, and are void, when it appears that the company
referred to has a complete monopoly upon the disposal of such brick, and
that there are other persons or corporations who manufacture and sell
vitrified brick for paving purposes, equal in quality to the particular kind
specified.

3. COMPETENCY OF PETITIONERS FOR PAVING IMPROVEMENT. A peti-
tion for a paving improvement, which is void, because it unduly restricts
competition, does not render the signers thereof incompetent to sign
another petition for the same improvement, but calling for a different
kind of pavement, within the period contemplated by a provision of the
charter of the city of Syracuse (L. 1885, ch. 26, § 141; amd. L. 1888, ch.
449; L. 1889, ch. 475; L. 1893, ch. 531), that no person signing a petition
shall be counted upon a remonstrance against the improvement, or be
permitted to revoke his consent or request within three months after the
presentation of such petition to the common council, even if it be assumed
that such provision prohibits petitioners on one petition from signing
another relating generally to the same subject, within the specified time,
as a void petition is no petition.

Smith v. City of Syracuse, 17 App. Div. 63, reversed.

(Argued December 5, 1899; decided January 9, 1900.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
April 10, 1897, reversing a judgment in favor of defendant
entered upon a decision of the court dismissing the complaint
on trial at Special Term, and granting a new trial.

August 20th, 1894, a petition bearing date August 15th,
praying for the paving of Liberty street, in the city of Syra-

cuse, " with vitrified paving brick, maufactured by The New York Brick & Paving Company of Syracuse, N. Y.," and signed by the requisite number of owners of property abutting on said street, was presented to the common council of the city of Syracuse and by it was referred to the highway committee ; the highway committee reported favorably about September 10th, and the report having been adopted the clerk was directed to serve the proper notices on property owners ; later, and on September 17th, a resolution was adopted directing the clerk to advertise for proposals for paving the street in accordance with the petition.   Notice was shortly thereafter published that bids would be received on September 24th, but as the city engineer had failed to prepare plans and specifications by the return day, no bids were received.   Several ineffectual attempts were made in the same direction thereafter, but bids were not received until the 29th day of October.   The bids received under this proceeding were as follows : " Andrew F. West, $5,170.00 ; Homer & Co., $5,194.00 ; C. D. Grannis, $5,167.00 ; L. D. Hurlbut, $4,715.90."

At the same time bids were received under another proceeding instituted by the same petitioners for the paving of the same street with asphalt ; such bids were two in number, and were as follows : " Warren-Scharf Asphalt Paving Co., $6,422.30 ; Syracuse Improvement Co., $5,851.80."

The petition in the last-mentioned proceeding is without date and was presented to the common council on the 10th day of September.   The only substantial difference between the two petitions is that the first called for the paving of the street with " vitrified paving brick manufactured by the New York Brick & Paving Company, of Syracuse, N. Y.," while the last-mentioned petition asked that the paving be with " Trinidad asphalt sheet paving." The common council treated the petition presented on September 10th as entirely different from the other proceeding and referred it to the highway committee, which reported it favorably, and the report was adopted by the common council, which, by resolu-

tion, also directed the clerk to notify the property owners of the intention to pave the street with asphalt. All of this was done, and in due course the clerk was directed to advertise for proposals. Either by accident or design, presumably the latter, the bids for paving under this proceeding were received at the same time as were those under the other proceeding, to wit, on October 29th, and were as above set forth. All of the bids were referred to the committee of the whole, and on November 19th a resolution was adopted which designated asphalt as the material with which to pave the street, and which also directed that a contract be made with the Syracuse Improvement Company for that purpose. Thus it happened, all the bids being in, that the common council decided in favor of paving with asphalt rather than with brick, and let the contract to the lowest bidder for "Trinidad asphalt sheet pavement," but, nevertheless, for a much higher bid than was made for paving the street with brick. The contract was executed by the Syracuse Improvement Company, but before the city officials had attached their names thereto, this action was brought by a taxpayer to restrain the city and its officials from entering into the contract with the Syracuse Improvement Company for paving Liberty street from Park avenue to West Genesee street with asphalt.

*William Nottingham* for appellant. Both lower courts having held that the proceedings to pave the street with brick were defective, and neither party to this appeal questioning such determination, the only matter left for discussion is the regularity of the separate proceedings to pave it with asphalt. These were conducted in entire conformity with the city charter. The decision of the Special Term to that effect should stand and the contract be awarded to the appellant. (*Matter of Marsh*, 83 N. Y. 431.) The proceeding for the paving of the street in question with vitrified brick was void *ab initio*, as held by the Special Term, because the restrictions in the petition and subsequent proceedings practically required the material to be purchased of a certain company named

therein, and thus tended to encourage monopolistic interference, induce favoritism and corruption, and to prevent competitive bidding. (*Learned* v. *City of Syracuse*, 17 App. Div. 19; *Boon* v. *City of Utica*, 5 Misc. Rep. 391; *People ex rel.* v. *Gleason*, 121 N. Y. 631; *Nelson* v. *Mayor*, *etc.*, 131 N. Y. 4; *People* v. *S. R. Co.*, 22 Abb. [N. C.] 164.) It was competent for the common council in any event to make the selection of the pavement to be laid after the bids were received, and it satisfied the requirements of the charter by accepting the lowest bid for the pavement selected. (*Lake* v. *Trustees of Williamsburgh*, 4 Den. 520; *Matter of Anderson*, 109 N. Y. 554; *Atty.-Gen.* v. *Detroit*, 26 Mich. 263.) The objection that a competition between kinds, as well as in kinds, of material to be used in paving, could not be had under the charter, is not well founded in reason or authority. (*Atty.-Gen.* v. *Detroit*, 26 Mich. 263.) The proceedings upon which the contract for the asphalt pavement was awarded were validated by section 18 of chapter 950 of the Laws of 1895, which became a law on June sixth of that year. (L. 1895, ch. 950, § 18; *Hatzung* v. *City of Syracuse*, 92 Hun, 203; *Matter of Van Antwerp*, 56 N. Y. 261; *Howell* v. *City of Buffalo*, 37 N. Y. 267; *People ex rel.* v. *Mayor, etc.*, 4 N. Y. 419; *Thomas* v. *Leland*, 24 Wend. 65.)

*W. S. Andrews* for respondent. The contract in question was not let to the lowest bidder. (*Brady* v. *The Mayor*, 20 N. Y. 312; *People ex rel.* v. *Gleason*, 121 N. Y. 631; *Boon* v. *City of Utica*, 4 Misc. Rep. 584; *Shaw* v. *City of Trenton*, 49 N. J. L. 329; *People ex rel.* v. *Bd. of Improvement*, 43 N. Y. 227; *Mazet* v. *City of Pittsburgh*, 127 Penn. St. 548; *State* v. *Dunn*, 48 Mo. 17; *People* v. *Comrs*, 4 Neb. 150; *Coggeshall* v. *City of Des Moines*, 78 Iowa, 235.) The specifications were not prepared in time. (L. 1888, ch. 449; L. 1889, ch. 475; *Tifft* v. *City of Buffalo*, 25 App. Div. 376.) The petition for asphalt paving, presented to the common council, was entirely void. (L. 1893, ch. 531.)

Parker, Ch. J.   The plaintiff as a taxpayer commenced this action upon the theory that the common council of Syracuse had not awarded the contract to the lowest bidder, and this necessarily was so, if the two proceedings referred to were in fact one; for while the bid of the defendant, the Syracuse Improvement Company, was the lowest for asphalt sheet pavement, it was not as low as the bids for paving with vitrified paving brick.   The two proceedings, while instituted by the same persons, were commenced at different times and were treated by the common council as proceedings bearing no relation whatever to each other down to the time when the bids for paving the street were received, and then it happened that the bids under each proceeding were received on the same day.

The trial judge reached the conclusion that the proceeding instituted for the purpose of paving a portion of Liberty street with " vitrified paving brick, manufactured by the New York Brick & Paving Company, of Syracuse, N. Y.," was void, in that it did not permit of free competition as contemplated by the terms of the charter.   The reasoning is that while competition was to a certain extent allowed in this case, namely, as to the work required in paving the street, it was not allowed to the extent required by the statute, which contemplates a full and free competition in all things, inasmuch as competition in the price of paving brick was sought to be prevented.   This proceeding contemplated that this should be accomplished by requiring that the street be paved with " vitrified paving brick manufactured by the New York Brick & Paving Company, of Syracuse, N. Y.," thus necessarily allowing that corporation to practically fix its own price for brick to be used in the work, and this, too, in the presence of the well-known fact that there were many corporations in the country engaged in the manufacture of vitrified paving brick as suitable for the work as was that of the New York Brick & Paving Company.   Having reached the conclusion that the proceeding to pave with brick was void *ab initio* and that all bids thereunder were invalid, the court held that the bid of

the Syracuse Improvement Company. was the lowest bid for paving the street, and directed the entry of a judgment dismissing the complaint.

In the Appellate Division, as appears from the opinion, it was the view of the court, *first*, that the proceeding to pave the street with vitrified brick was not void, and, *second*, that the proceeding to pave with asphalt sheet pavement was not initiated by competent petitioners, and, hence, that the action of the common council based thereon was without jurisdiction and void, and a reversal of the judgment was ordered.

It appears, however, from the order of reversal that it was not made upon the facts, but upon the law, and, therefore, upon this review the findings of fact made at the Trial Term are conclusive, so while it is asserted in the opinion of the Appellate Division that the proposed contract did not, under the evidence in this record, prevent or tend to prevent, or to restrict fair competition, we have but to turn to the findings of fact, which have been undisturbed, to learn what the court is conclusively bound to regard as the real situation, and there we are told that the brick called for by the petition are not manufactured by any person or corporation other than the New York Brick & Paving Company; that the company has a complete monopoly upon the disposal of such brick and can refuse to sell, dictate terms and command unfair prices for the same of any person or corporation desiring to bid for the laying of said pavement, or the construction of said local improvements; and, further, that vitrified brick for paving purposes is a common article of manufacture and sale, and there are parties or corporations other than the said New York Brick & Paving Company who manufacture and sell vitrified brick for paving purposes equal in quality to the best paving brick made by the said New York Brick & Paving Company. This finding fully justifies the conclusion of law found at the Trial Term that the petition asking for the pavement of a portion of said street with vitrified paving brick manufactured by the New York Brick & Paving Company, of Syracuse, N. Y., and all the proceedings had thereon by the common

council were in violation of the provisions of the charter of the city of Syracuse requiring that work to be done by contract should be let to the lowest bidder, and were, therefore, illegal and void.

This brings us to the second ground of difference between the Appellate Division and trial term, which consists in the contention of the former that the proceeding to pave the street with asphalt sheet pavement was not initiated by competent petitioners and that, therefore, the action of the common council was without jurisdiction and void.

Section 141 of the charter of the city of Syracuse (Chap. 26, Laws of 1885, as amended by chap. 449, Laws of 1888; chap. 475, Laws of 1889, and chap. 531, Laws of 1893) provides among other things that " no person signing a petition, request or consent shall be counted or considered upon a remonstrance against the improvement petitioned for, requested or consented to by him; nor be permitted to withdraw his name from such petition, or revoke such request or consent, within three months after the presentation of such petition, request or consent to the common council." It was said that the petition in favor of paving with vitrified brick was first signed, then the petition for paving with asphalt sheet paving was signed by the same parties within three months after the presentation of the first petition, and hence that the signing of the latter petition was in contravention of the provisions of the statute quoted. It is conceded on this argument that the learned judge of the Appellate Division was mistaken in assuming the fact to be established that the petition for paving with brick was first signed in point of time by the petitioners, that the evidence does not show which petition was signed first, and the findings, which must of course be our guide, are silent upon the subject. It is quite clear therefore, that the facts upon which the Appellate Division rested its conclusion that the petition for asphalt sheet pavement was not signed by competent petitioners, are wanting, and their absence robs the result reached of its foundation. But if we assume, for the purposes of the argument, that the petition

for paving the street with asphalt sheet pavement was signed after the same petitioners had signed the petition for paving with brick, and further assume that the statute will admit of such a construction as prohibits petitioners on one petition from signing another petition relating generally to the same subject within three months, nevertheless the signing of the petition to pave with asphalt sheet pavement was not illegal, because the first petition was illegal and void. Through it the petitioners prayed the common council to take such action as was condemned by statute, and, therefore, the petition was void *ab initio*. A void petition is no petition, and, therefore, when the petition, praying that the street be paved with asphalt sheet pavement, was presented to the petitioners for signature, there was no petition in existence bearing their names, or affecting in anywise the question of paving Liberty street, and they were, consequently, at liberty to petition the common council in relation thereto.

Our conclusion, therefore, is, that the trial court was right in holding that the first petition, and all proceedings had thereon, were void; that the second proceeding was initiated by competent petitioners and was regularly conducted to the end, and that as the defendant, the Syracuse Improvement Company, was the lowest bidder thereunder, the court had no right to restrain the proper municipal authorities of the city of Syracuse from entering into a contract with the defendant company in accordance with the award made to it by the resolution of the common council.

The order of the Appellate Division should be reversed and the judgment of the Special Term affirmed, with costs.

All concur, except BARTLETT, J., dissenting, and VANN, J., not sitting.

Order reversed, etc.