In the Matter of the Application for the Revocation of the Probate of the Last Will and Testament of JOHN KEEFE, Deceased.

ANNA M. MILLER et al., Appellants; WILLIAM W. GREY, as Executor of JOHN KEEFE, Deceased, et al., Respondents.

APPEAL — PRESUMPTION OF REVERSAL UPON QUESTION OF LAW — CODE OF CIV. PRO. §§ 1338, 1361. An order of the Appellate Division which reverses a surrogate's decree revoking probate of a will, which does not state that the reversal was upon the facts, must be reversed if the record discloses no error of law and the decree of the surrogate affirmed.

*Matter of Keefe*, 47 App. Div. 214, reversed.

(Argued June 7, 1900; decided October 9, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, made November 14, 1899, reversing a decree of the Surrogate's Court of Rensselaer county revoking the probate of the last will and testament of John Keefe, deceased, and affirming a former decree which admitted such will to probate.

The facts, so far as material, are stated in the opinion.

*Charles Irving Oliver* and *Albert C. Tennant* for appellants. The findings of fact made by the trial court having been approved and affirmed by the unanimous decision of the Appellate Division, those facts as found will be accepted here as conclusive, and as they abundantly support the conclusions of law of the surrogate this court should reverse the order and decree appealed from without considering any of the other questions in the case. (*Koehler* v. *Hughes*, 148 N. Y. 507; *Randall* v. *N. Y. E. R. R. Co.*, 149 N. Y. 211; *Rosenstein*

v. *Fox*, 150 N. Y. 354; *Kaplan* v. *N. Y. B. Co.*, 151 N. Y. 171; *People ex rel.* v. *Barker*, 155 N. Y. 322; *People ex rel.* v. *Van Wyck*, 157 N. Y. 495; Code Civ. Pro. § 1338; *Bomeisler* v. *Forster*, 154 N. Y. 229; *Parker* v. *Day*, 155 N. Y. 383; *Wetmore* v. *Wetmore*, 162 N. Y. 503; *Petrie* v. *Hamilton College*, 158 N. Y. 458.)

*Robert W. Hardie* for respondents. The decision of the surrogate, revoking probate of the will, was properly reversed and the judgment of the Appellate Division, directing that the original probate of the will be affirmed, should be sustained. (Code Civ. Pro. § 2588; *Matter of Hunt*, 110 N. Y. 278; *Matter of Martin*, 98 N. Y. 193.)

BARTLETT, J. The testator died June 7th, 1898, leaving a last will and testament executed forty-eight hours prior to that event, and which was probated a few days thereafter.

The estate involved was a farm worth from $12,000 to $20,000, and personal property valued at about $3,500.

The testator was a bachelor, eighty years of age, and left him surviving as his only heirs at law and next of kin two sisters, two nieces and a nephew.

Practically the entire estate was devised and bequeathed to strangers in blood, to wit, to the wife or family of the attending physician. The testator bequeathed to his aged sister, Margaret Keefe, with whom he had always resided and who was possessed of no means or property as the trial court found, the sum of two hundred dollars.

On the 10th of December, 1898, Anna M. Miller, the married sister of the testator, instituted this proceeding to revoke the probate of the will. A trial was had, considerable testimony taken and on the 22d day of May, 1899, a decree was entered, revoking the probate as to personal estate.

On November 14th, 1899, the Appellate Division reversed the decree of revocation and affirmed the original decree probating the will. We must assume that the decree was reversed upon a question of law, as the order appealed from does not state to the contrary. (Code of Civ. Pro., §§ 1338, 1361.)

*Matter of Chapman*, 162 N. Y. 456; *Wetmore* v. *Wetmore*, 162 N. Y. 503; *People ex rel. Manhattan Ry. Co.* v. *Barker*, 152 N. Y. 417.)

The facts found by the trial court are deemed approved by the Appellate Division, and it remains for us to determine whether they sustain the legal conclusions based thereon.

We are permitted to examine the record only to ascertain if any of the findings of fact are unsupported by evidence, thereby disclosing legal error. (*Bomeisler* v. *Forster*, 154 N. Y. 237; *Snyder* v. *Seaman*, 157 N. Y. 453; *Petrie* v. *Trustees of Hamilton College*, 158 N. Y. 463; *People* v. *Adirondack Ry. Co.*, 160 N. Y. 229, 235; *Gannon* v. *McGuire*, 160 N. Y. 476; *Lannon* v. *Lynch*, 160 N. Y. 483; *Smith* v. *Syracuse Improvement Co.*, 161 N. Y. 489; *Spellman* v. *Looschen*, 162 N. Y. 268; *Shotwell* v. *Dixon*, 163 N. Y. 43; *National Harrow Co.* v. *Bement & Sons*, 163 N. Y. 505.)

A careful reading of the record leads us to the conclusion that there is a sharp conflict in the evidence as to fraud and undue influence, and particularly as to the inferences to be drawn from the testimony.

There is also a conflict of evidence as to the due execution of the will and as to testamentary capacity.

The learned counsel for the proponents and respondents, when considering this point, states in his brief as follows: "None of the testimony of any witness is contradictory to, or in conflict with, the testimony of any other witness, except in case of witness Havens."

This is a direct admission that there is a conflict of evidence, and the fact that this witness was, as suggested, contradicted by three other witnesses does not get rid of the question of fact.

This court recently, after reviewing a large number of cases, has laid down the rule that when the Appellate Division reverses on the law we have but three questions open to us here, viz.: The correctness of the rulings as to the admission and rejection of evidence; whether any material finding of fact is without evidence to support it, and whether the con-

clusions of law are supported by the facts found. (*National Harrow Co.* v. *Bement & Sons,* 163 N. Y. 505, 508.)

We have presented here no questions as to the admission and rejection of evidence, and the briefs are largely devoted to a discussion of the facts, not as found, but as claimed to be established by the record. We are of opinion that there are no material findings of fact without evidence to support them, that the conclusions of law are supported by the facts found, and that no error of law is disclosed sustaining the reversal of the surrogate's decree by the Appellate Division.

The order of the Appellate Division and the decree of the Surrogate's Court of Rensselaer county, entered in pursuance of said order on the 19th day of January, 1900, should be reversed.

The decree of the Surrogate's Court of Rensselaer county, entered the 22d day of May, 1899, revoking the probate of the will of John Keefe, deceased, should be affirmed, with costs to the appellants in all the courts, payable out of the estate of said John Keefe, deceased.

PARKER, Ch. J., O'BRIEN, HAIGHT, VANN and CULLEN, JJ., concur; LANDON, J., not sitting.

Order reversed, etc.