(32 Misc. Rep. 516.)

## O'NEILL v. MEIGHAN.

### (Supreme Court, Appellate Term.  October 4, 1900.)

1. BILLS AND NOTES—ACTION AGAINST INDORSER—FAILURE TO MAKE DEMAND FOR PAYMENT.

In an action against the indorser of a note, the mere insolvency of the maker is not sufficient reason for failure to present it for payment within a reasonable time.

2. SAME.

In an action against the indorser of a note, plaintiff cannot recover where he fails to show that no injury resulted from failure to present it for payment in due time.

Appeal from municipal court, borough of Manhattan.

Action by Hugh O'Neill against Thomas J. Meighan, as indorser of a note, to which he interposed as a defense that the note was not presented within a reasonable time after making of the same. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

George C. Coffin, for appellant.

Thomas J. Meighan, pro se.

PER CURIAM. The record discloses sufficient evidence to justify a finding that the note in suit was not presented within a reasonable time. The said note was made payable on demand, without interest, and was given by the maker in part settlement of a previous indebtedness to the holder. It was, therefore, incumbent upon the plaintiff, in order to hold the defendant herein liable as an indorser upon said note, to present the same within a reasonable time after the making thereof (Crim v. Starkweather, 88 N. Y. 339), and injury will be presumed until it is made to appear that no damage could have resulted from the failure so to do. The mere insolvency of the maker is not a sufficient reason for failing of seasonable presentation. Smith v. Miller, 52 N. Y. 545; Manning v. Lyon, 70 Hun, 345, 24 N. Y. Supp. 265; Carroll v. Sweet, 128 N. Y. 19, 27 N. E. 763, reversing (Super. N. Y.) 5 N. Y. Supp. 572, cited by the plaintiff. Since the plaintiff failed to show that injury did not result from the omission to present the note in due time, the justice was right in rendering judgment, as he did, in favor of the defendant.

There being no other ground urged for the reversal of the judgment, it must be affirmed, with costs.