DORA DULBERG, Individually, and as Administratrix of the Estate of JOSEPH DULBERG, Deceased, Appellant, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent.

18

Argued December 10, 1937; decided January 18, 1938.

*Arthur Levitt* for appellant. The defendant's negligent handling of the premium check brought about the non-payment upon which it bases its claim of forfeiture. The default which it has itself occasioned cannot be invoked to justify the forfeiture of the rights of the beneficiary under the policy. (*Lannon* v. *Lynch,* 160 N. Y. 483; *Smith* v. *Syracuse Improvement Co.,* 161 N. Y. 484; *Murray* v. *Smith,* 224 N. Y. 40; *Baker* v. *Ancient Order of Hibernians,* 224 N. Y. 363; *Borckman* v. *Terry Constr. Co.,* 216 N. Y. 139; *Melcher* v. *Ocean Accident & Guarantee Corp.,* 226 N. Y. 51; *Ehrenworth* v. *Stuhmer & Co.,* 229 N. Y. 210; *Hoykendorf* v. *Bradley Contracting Co.,* 227 N. Y. 204; *Philadelphia Life Ins. Co.* v. *Heyworth,* 190 N. C. 757; *Knickerbocker Life Ins. Co.* v. *Pendleton,* 112 U. S. 696; *Lindsey* v. *Home Ins. Co.,* 51 S. W. Rep. [2d] 924; *Manitoba Mortgage & Investment Co.* v. *Weiss,* 18 S. D. 459; *First Nat. Bank* v. *Fourth Nat. Bank,* 77 N. Y. 320; *Commercial Investment Trust* v. *Lundgren & Wittenstein,* 173 Minn. 83; *Carroll* v. *Sweet,* 128 N. Y. 19; *Smith* v. *Miller,* 43 N. Y. 171; *Whitehead* v. *N. Y. Life Ins. Co.,* 102 N. Y. 143; *Homer* v. *Guardian Mut. Life Ins. Co.,* 67 N. Y. 478; *Leslie* v. *Knickerbocker Life Ins. Co.,* 63 N. Y. 27; *Mutual Life Ins. Co.* v. *French,* 30 Ohio St. 240.) The insured was under no duty to make tender of subsequently accruing premiums. (*Shaw* v. *Republic Life Ins. Co.,* 69 N. Y. 286; *Meyer* v. *Knickerbocker Life Ins. Co.,* 73 N. Y. 516.)

*James D. Ewing* for respondent. The policy lapsed for the non-payment of the premium; was not subsequently reinstated and was not in force at the date of the insured's accident and death. (*Goodwin* v. *Mass. Mutual Life Ins. Co.,* 73 N. Y. 480; *del Rio* v. *Prudential Ins. Co.,* 269 N. Y. 135; *Syracuse, Binghamton & New York R. R. Co.* v. *Collins,* 57 N. Y. 641; *Carroll* v. *Sweet,* 128 N. Y. 19; *Greenwich Ins. Co.* v. *Oregon Improvement Co.,* 76 Hun, 194; 148 N. Y. 758; *Andrus* v. *Bradley,* 102 Fed. Rep. 54; *Moskowitz* v. *Deutsch,* 46 Misc. Rep.

603; *Chicago Industrial Bank* v. *Bowes*, 165 Ill. 70; *Conroy* v. *Warren*, 3 Johns. Cas. 259; *Reddington* v. *Gilman*, 1 Bosw. 235; *Commercial Bank of Albany* v. *Hughes*, 17 Wend. 94.) Defendant as a matter of law put the check in process of collection within a reasonable time. (*Murray* v. *Judah*, 6 Cow. 484.) The law presumes that a letter properly addressed, stamped and mailed is duly delivered to the addressee. (*Trusts & Guarantee Co.* v. *Barnhardt*, 270 N. Y. 350; *News Syndicates Co.* v. *Gatti Paper Stock Corp.*, 256 N. Y. 211.)

RIPPEY, J. The defendant issued its policy of health and accident insurance to one Joseph Dulberg on November 25, 1921, for a term of twelve months, renewable each year until the insured should reach the age of sixty years for successive terms of twelve months each upon payment by the insured of a premium of $147.80 in advance on each anniversary date of the policy or within thirty-one days thereafter. The insured died on June 9, 1935, at the age of forty-eight years, as the result of an accident suffered on June 4, 1935, between which dates he was totally disabled and hospitalized. Dora Dulberg, wife of the insured, was named as beneficiary in the policy in the event of accidental death. This suit is to recover the amount for which the insured was covered by the policy for death caused by accident plus disability allowance less the amount of two unpaid premiums which became due, respectively, on November 25, 1933, and November 25, 1934. Defendant asserts non-liability and resists payment on the ground that the policy was not in force at the time of the occurrence of the accident and had lapsed and was canceled for non-payment of the premium which came due on November 25, 1933. Plaintiff recovered in the trial court. The Appellate Division reversed upon the law only and dismissed the complaint. Thus the findings of fact made by the trial court were not disturbed by the Appellate Division, and are conclusive upon this court if there was any evidence, con-

sidered in its aspect most favorable to plaintiff, to sustain them.

The insured had paid every premium promptly when due until November, 1933, and the policy was concededly in force until midnight of December 26th of that year. To effect a renewal of the policy the insured prepared a check, on December 21, 1933, for $147.80, the amount of the premium due, on the Manufacturers Trust Company, 481 Eighth avenue, New York city, payable to the order of the defendant. The check was signed by Anna Dulberg and Dora Dulberg, respectively the daughter and wife of the insured. At the request of the insured, an envelope was addressed to the defendant at its offices, 393 Eighth avenue, New York city. The premium notice and the check were inclosed in the envelope. Properly sealed and stamped, it was deposited in a mail box at Avenue A and East Fifth street, Brooklyn, New York, near the home of the insured, at eight o'clock Thursday evening, December 21, 1933. Having been mailed in the same city where it was to be delivered, there is a presumption that it was delivered to defendant on the following day. (*News Syndicate Co.* v. *Gatti P. S. Corp.*, 256 N. Y. 211.)

The defendant collected its mail ten times each day at the post office in New York city, the first collection being at eight o'clock each morning. Its office was located on one side of the Pennsylvania Railroad Station while the post office was located directly back of the station. As checks were received in its mails they were numbered serially, commencing with No. 1. On December 22, 1933, defendant received 1,235 checks in the mails. According to the usual routine in defendant's office, all checks received up to four P. M. on any day were deposited on the day received with the Chase National Bank, Pennsylvania Branch. The check in question was received by defendant and numbered " 69," indicating that it was received in the first mail of whatever day it was received.

Defendant sought to establish that the check was not, in fact, received until Saturday morning, December 23d. All checks received on a Saturday morning were put in bundles at the incoming mail desk and put in the safe without being sent through defendant's office to the cashier and deposited in defendant's bank of deposit, which was located in the immediate vicinity of defendant's office, until the next business day, Tuesday, December 26th.

The check was not deposited by defendant at its bank until Tuesday, December 26th, and was not cleared and presented to the Manufacturers Trust Company for payment until December 27th. It was returned by the trust company to the Chase National Bank on December 27th unpaid with a slip attached marked "uncollected funds," and by the latter bank to defendant on December 28th. Defendant thereupon returned the check by mail to the assured with a notice that the policy had lapsed for non-payment of premium. The dishonored check and notice reached the assured on December 29th. On that day he tendered to defendant a certified check for the amount of the premium drawn on the Manufacturers Trust Company and signed by Dora and Anna Dulberg. Defendant refused to accept the certified check, and on January 5, 1934, wrote the insured that it refused to reinstate the policy and that it must remain lapsed.

It was conceded that funds were available for payment of the check in the account of Dora and Anna Dulberg in the Manufacturers Trust Company at all times between December 21st and two P. M. on December 26th, 1933. There was also uncontradicted testimony from which the jury were authorized to find that, had the check been deposited by defendant in the Chase National Bank, Pennsylvania Branch, for collection on December 22d it would have been presented in usual course for payment at the Manufacturers Trust Company in the early morning clearances on December 23d. Had it been put

in process of collection on December 23d, the date on which defendant claims it received the check, it would have been presented to the payee bank before noon of December 26th. In either event it would have been paid and the policy would not have lapsed. The jury were authorized to find, however, and we must presume that they did find, that the check was, in fact, received by defendant in the eight o'clock mail of December 22, 1933, that it was not put in process of collection until late in the day of December 26th, so that it was not presented to the bank on which it was drawn until December 27th, and that the delay in presentation of the check was due to the defendant. The delay was not the fault of the insured or due to any act over which he had any control. It was not due to the fault of either bank. Except for the delay in presentation there would have been no forfeiture of the policy. To some extent, at least, the insurance company caused the delay which brought about failure of cash payment before the end of the period of grace and the consequent lapse of the policy.

Under all the circumstances in this case we think that the insurance company was required to exercise reasonable diligence in presenting the check for collection. Especially is this so where it knew that the time element was of such importance. It issued and mailed to Dulberg a receipt for the payment of the premium dated prior to the expiration of the time within which the premium might be paid. It is true that the receipt provided that payment would not be deemed complete unless cash was received. Nevertheless, the defendant knew at the time the check was received, and so indicated upon its records, the last date on which the premium could be paid to avoid the lapse. It is true that the premium for which the check was delivered to the defendant was not an obligation of the assured to defendant, and its collection could not be enforced. (*Goodwin* v. *Mass. Mutual Life Ins. Co.*, 73 N. Y. 480.)

The receipt of the check and its acceptance for collection did not effect the payment of the premium and leave the defendant recourse only against the drawers of the check. Nevertheless, it received the check as a provisional payment of the premium for the purpose of keeping the policy in force for an additional term of twelve months, and it was required to use due diligence in proceeding to collect · upon it. (*Manitoba Mortgage & Investment Co.* v. *Weiss*, 18 S. D. 459. Cf. *Burkhalter* v. *Second Nat. Bank*, 42 N. Y. 538; *Smith* v. *Miller*, 43 N. Y. 172; 52 N. Y. 545; *First Nat. Bank* v. *Fourth Nat. Bank*, 77 N. Y. 320.) It is a familiar principle that " he who prevents a thing being done cannot avail himself of the non-performance he has occasioned." (*Homer* v. *Guardian Mut. Life Ins. Co.*, 67 N. Y. 478, 481.) Neither may an insurance company depend upon a default in which its own negligence or wrongful act contributed, and but for which a lapse might not have occurred. (*Whitehead* v. *New York Life Ins. Co.*, 102 N. Y. 143, 156; *Knickerbocker Life Ins. Co.* v. *Pendleton*, 112 U. S. 696. See, also, *Smith* v. *Miller*, *supra*.)

The requirement of reasonable diligence in the presentment of the check after its receipt was held by the trial court to be applicable. The trial court submitted to the jury the question, " Did the defendant, after receipt of the check, act with reasonable diligence under all of the circumstances in placing the check in process for collection? " and, upon the jury answering the question in the negative, directed a general verdict for the plaintiff. In a case where the facts are all ascertained and not in dispute, the question of what is due diligence in presenting the check for collection is one of law, but where the facts are unsettled and the testimony is conflicting, the question may be a mixed one of law and fact which the jury must decide under proper instructions of the court as to the law. (Cf. *Commercial Nat. Bank* v. *Zimmerman*, 185 N. Y. 210, 217.) Here the facts were not all ascer-

tained and settled, and the question of due diligence was properly presented to the jury for determination. Their finding on that question was not disturbed by the Appellate Division, and is conclusive on this court. (*Smith* v. *Syracuse Improvement Co.*, 161 N. Y. 484; *Matter of Keefe*, 164 N. Y. 352, 354; *Murray* v. *Smith*, 224 N. Y. 40, 45.) We think the case was properly submitted to the jury, and the verdict was justified. Had the defendant exercised due diligence in presenting the check for payment it would have been paid in due course. Under the circumstances, the defendant may not take advantage of the default in payment of premium, but was required to accept payment tendered by the insured on December 29, 1933, in fulfillment of the terms of the policy whereby the policy would have been extended for the period from November 25, 1933, to November 25, 1934. The insured was excused from tendering the premium which came due on November 25, 1934, or within thirty-one days thereafter, to make effective an extension of the policy for an additional year, because of defendant's insistence on the lapse of the policy for non-payment of premium and its unwarranted refusal to continue the policy in effect.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Judgment accordingly.