Jenkin R. Hockert, J.
The above-entitled action was tried before the court without a jury.
Plaintiff Marion Langton is suing for injuries caused by being struck by the defendant Hynes’ automobile while crossing Penelope Avenue at the intersection of 84th Place in the County of Queens at 12:15 a.m. on December 5, 1953.
Defendant Hynes, as a third-party plaintiff, interpleaded General Accident Fire And Life Assurance Corporation, Ltd. as a third-party defendant, alleging that said third-party defendant failed to issue a policy of liability insurance in accordance with the rules and regulations of the New York Automobile Assigned Risk Plan, and was negligent in the performance of its duty in refusing to issue said policy and defend the action brought herein by the plaintiff, and the third-party plaintiff asks for judgment over and against the third-party defendant in the event the plaintiff herein is successful, and also for the cost and expense of defending the action.
*727 I find that the plaintiff was injured as a result of the negligence of the defendant, without any contributory negligence on her part. Her injuries consisted of a fracture of the right radius with impaction, a severe sprain of the left ankle with all attendant suffering and inconvenience, some injury to her back and a cerebral concussion. Some of these injuries are claimed to be permanent. Plaintiff was in bed for a period of one week and confined to her home for an additional week. Plaintiff was employed as an operator by a telephone service at a salary of $48 per week, and as a result of this accident lost over $700 in wages. In addition, plaintiff had hospital bills amounting to $211.23, bills for medicine in the amount of $150, and the doctor who treated her testified that the fair and reasonable value of his services was $450, thus making a total of over $1,500 for plaintiff’s expenses. The plaintiff Marion Langton is entitled to a judgment in the sum of $4,500.
With respect to the third-party action, the third-party plaintiff established that an application for liability insurance coverage was made to the New York Automobile Assigned Bisk Plan (hereinafter called the Plan) pursuant to section 63 of the New York State Insurance Law. The application was mailed to the Plan by the broker’s office on November 28, 1953. An employee for the Plan testified that he received the application on November 30, 1953. At that time, the Plan had no authority to bind the insurance company on behalf of the applicant. The procedure of the Plan was to process the application, assign a company, and prepare four copies of the assignment, all of which were received in evidence and all of which bore a perforated date stamp of December 1, 1953. To the assignment to be mailed to the insurance company was attached the application for insurance and a check for partial payment of the premium. The assignments were mailed by the Plan on December 1, 1953 as follows: one to the insurance broker, one to the assured, one (with check and application) to General Accident, and the fourth was sent to their filing room.
The broker and assured both testified that they received their copies of the assignment on December 2, 1953. Section 14 of the Plan provides that the carrier, upon receipt of the notice of designation and deposit, shall within two working days issue a policy or a binder to be effective 12:01 a.m. on the day following the second working day. The court has the right to take judicial notice that the assignment notice was received by General Accident on December 2,1953. (News Syndicate Co. v. Gatti Paper Stock Corp., 256 N. Y. 211; Dulberg v. Equitable Life Assur. Soc., 277 N. Y. 17.) Thus, in the normal course of *728 business, General Accident was required to issue a policy to this assured effective 12:01 a.m. on December 4, 1953.
The assured testified that upon receipt of the notice from the Plan he called the broker and was advised that the insurance was effective on December 4, 1953 at 12:01 a.m.
General Accident did not issue the policy until December 9, 1953, effective 12:01 a.m. on that date. Employees of General Accident testified that their copy of the notice of designation did not arrive in their office until the morning of December 7, 1953. The underwriter of General Accident testified that she received the notice of assignment on December 7, 1953 and that while she was processing same received a call from the broker’s office inquiring about the effective date of the policy; that the broker was told it was to be the 9th of December, 1953, which the broker disputed. Thereafter, the underwriter went to the mail department and found one envelope that day from the Plan, which was received in evidence, containing a Post Office stamped date of December 4, 1953, a Friday. (Neither the office of the Plan nor General Accident was open on Saturday.) The next business day was December 7, 1953. The underwriter testified that no separate record was made of the assigned risks until the final payment was made, and no daily or other check was made with the Plan to determine the status of risks in transit. The underwriter also testified that this risk was the only one received that day, and therefore, the envelope offered must have been the one this assignment notice came in. The presumption that the mailing of the notice of designation by the Plan was received by General Accident on the next day, December 2,1953, has not been overcome, for in my opinion, the testimony of the underwriter is incredible, and I find that General Accident received the notice of assignment application and check on December 2, 1953.
I therefore find that the policy should have been issued effective December 4, 1953 at 12:01 a.m., and that General Accident is guilty of negligence in its failure to issue the policy effective on December 4, 1953 at 12:01 a.m. pursuant to the Plan and Insurance Law.
The defendant Thomas J. Hynes is therefore entitled to a judgment over and against General Accident in the amount of $4,500.
The defendant Hynes also claims the cost and expense of defending this action brought by the plaintiff. The third-party defendant does not deny that it refused to accept the summons served on the third-party plaintiff and also that it refused to enter upon the defense of the subsequent action. I find that the *729 third-party plaintiff is entitled to the cost and expense of defending this action (Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N. Y. 148). The attorney for the third-party plaintiff testified that his records showed that he devoted 38 hours and 40 minutes to this case. I find the fair and reasonable value of bis services to be $500.
The clerk is directed to enter judgment accordingly.
Ten days’ stay; 30 days to make a case.