(57 App. Div. 458.)

### HITCHCOCK v. BANK OF SUSPENSION BRIDGE.

(Supreme Court, Appellate Division, Fourth Department. January 22, 1901.)

1. BANKS AND BANKING—NOTES—IMPROPER PROTEST—DAMAGES.

Where a notary public in the employ of a bank protested notes left for collection, without allowing days of grace, by reason of which improper protest the indorsers were relieved from liability, the bank was liable to the owner of the notes for whatever damages he sustained thereby.

2. SAME—MEASURE OF DAMAGES.

Where the maker of notes was insolvent, and the indorsers were discharged by reason of a bank's failure to properly protest the notes, the measure of the owner's damages for such failure was the principal and interest of the notes, with the protest fees, and not the expenses of a suit on the notes against the indorsers, since the owner was not compelled to look to them before seeking redress from the bank.

Appeal from equity term, Niagara county.

Action by Dewitt C. Hitchcock against the Bank of Suspension Bridge. From a judgment for plaintiff, defendant appeals. Modified.

The findings of the trial court in this action were based entirely upon a stipulation entered into between the counsel for the respective parties during the progress of the trial. From this stipulation it appears that the plaintiff, who was a customer of the defendant, deposited with it some time prior to October 1, 1897, three promissory notes for collection. Each of these notes bore the names of three indorsers. The notes were dated the 1st day of September, 1894, and by their terms fell due respectively upon the 1st days of October, November, and December, 1897. A notary public in the employ of the defendant protested the notes for nonpayment as they fell due, without allowing any days of grace. The maker of these notes was insolvent, and in an action brought against the indorsers it was held that inasmuch as the notes were not properly protested the indorsers were released from all liability thereon, and judgment was thereupon rendered against the plaintiff herein for $57.39 costs. The defendant had notice of the bringing of the action against the indorsers, and after its decision was notified of the result, which notification was accompanied by an offer from the plaintiff to assign his cause of action if the defendant desired to appeal from the judgment. This offer was not accepted, whereupon the present action was brought against the defendant to recover the damages sustained by reason of its negligence in not properly protesting the notes in question, and the issues raised herein were tried at an equity term of the supreme court held in Ni-

.agara county in June, 1900. A decision was rendered in favor of the plaintiff for the amount of the notes, with interest and protest fees thereon, together with the costs of the former action against the indorsers, and from the judgment subsequently entered this appeal is brought.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Eugene Carey, for appellant.
Fred M. Ackerson, for respondent.

ADAMS, P. J.   There can be no question, we think, but that the defendant, by reason of its omission to have the notes in question properly protested, became liable to the owner thereof for whatever damage resulted from such omission. It is well settled in this state that a bank receiving a promissory note for collection, whether the same be payable at its counter or elsewhere, is liable for any neglect of duty in its collection by which any of the parties are discharged, and the indorsement and delivery of such note to a bank for collection is a sufficient consideration for the undertaking on the part of the bank to charge the indorser by a regular notice of nonpayment. Bank v. Smedes, 3 Cow. 662; Montgomery Co. Bank v. Albany City Bank, 7 N. Y. 459; Ayrault v. Bank, 47 N. Y. 570; Palmer v. Holland, 51 N. Y. 416. Inasmuch as it is conceded that the maker of these notes was insolvent, the plaintiff's sole recourse was to the only indorser who was solvent; and, as he was released from his contract of indorsement by the failure on the part of the bank to properly protest the notes, it follows that the measure of the plaintiff's damage was the principal of the notes and interest due thereon, together with the necessary fees of protest. We think, however, that this was the limit of the defendant's liability. The plaintiff was not obliged to bring suit against the indorsers before seeking redress of the bank; for, when the fact was brought to his knowledge that the bank had failed to take the necessary steps to charge the indorsers, his right of action against it was complete, and he might have resorted to such right in the first instance. This, however, he failed to do, preferring for some unexplained reason to test the question of the indorsers' liability. He was not asked to do this by the bank, nor was he induced to do so by any misrepresentation upon the part of the bank. We consequently see no propriety in charging the bank with the costs of that unsuccessful action, especially as the only authorities we are able to find upon the subject establish a rule quite contrary to the plaintiff's contention. Downer v. Bank, 6 Hill, 648; Ayrault v. Bank, 1 Abb. Prac. (N. S.) 381.

Our conclusion, therefore, is that the judgment appealed from should be modified by striking therefrom the costs of the former action, together with the interest thereon, and as thus modified affirmed, without costs of this action to either party. All concur.