(115 App. Div. 326)

### HOWARD v. BANK OF THE METROPOLIS.

(Supreme Court, Appellate Division, First Department.  November 5, 1906.)

1. BANKS AND BANKING—COLLECTIONS—NEGLIGENCE—ACTION—QUESTION FOR JURY.

Where a bank having a note for collection protested it, but failed to notify an indorser, and the holder brought an unsuccessful action against the indorser, in a subsequent action against the bank, *held* a question for the jury whether there had been misrepresentation or a request on the part of the bank, inducing the plaintiff to bring the former action.

2. NEW TRIAL—VERDICT CONTRARY TO EVIDENCE—EXCESSIVE DAMAGES.

Code Civ. Proc. § 999, provides that the judge presiding at a jury trial may, in his discretion, entertain a motion to set aside the verdict and grant a new trial because the verdict is for excessive damages. *Held*, that the court in disposing of such a motion has no authority to enter an order reducing the verdict to nominal damages, and then direct a judgment to be entered for such amount.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, §§ 324–329.]

Appeal from Trial Term, New York County.

Action by Robert S. Howard against the Bank of the Metropolis. From a judgment entered on an order reducing a verdict in favor of plaintiff, and from the order reducing the verdict, plaintiff appeals. Reversed and new trial ordered.

See 93 N. Y. Supp. 1042.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Arnold L. Davis, for appellant.

John B. Stanchfield, for respondent.

O'BRIEN, P. J.  The case was before this court on a former appeal, wherein all the facts and questions involved were fully stated in the opinion and need not be here repeated.  Howard v. Bank of the Metropolis, 95 App. Div. 342, 88 N. Y. Supp. 1070.  The nature of the action, as therein shown, is one brought by Howard against the bank to recover the damages which he claimed to have sustained in consequence of the failure of the bank to give the indorser proper notice of protest, and upon proof which has been again introduced upon the present trial from which the appeal is taken it was held by this court on the former appeal that "a cause of action in favor of the plaintiff was established by proof of the failure of the bank to perform the duty of giving notice to the indorser which it assumed when it undertook to collect the note."  After the plaintiff had made out a prima facie case the learned trial judge directed the attention of the jury to the various questions of fact involved, and, in effect, instructed them that, if they found for the plaintiff, upon the subject of damages, there were two elements which they should consider.  As correctly stated by him:

"The measure of damage ordinarily which the holder of a note is entitled to recover from a bank, as here, in failing to give notice of protest, is the actual loss suffered—the real loss occasioned by the default of the bank.  * * * The plaintiff could have sustained no loss, of course, by any default of the

bank except nominal damages, if at the time the note matured the indorser
* * * was actually insolvent."

The trial judge also charged that if the plaintiff was induced to
bring the action which he did—seeking to charge the indorser—by
request of the bank, or as the result of any misrepresentation upon its
part, then the costs and expenses of that litigation could be recovered
as part of the plaintiff's damages. It was insisted by the defendant
that upon the evidence the plaintiff was only entitled to recover nominal
damages; the claim being that the evidence was overwhelming that the
indorser was insolvent, and that there was not sufficient proof of a
request from the bank or such misrepresentation of the facts as would
render the bank liable for the expenses of the former suit.

Upon the close of the evidence the counsel for the defendant asked
the court to hold that as matter of law the plaintiff had only shown
himself entitled to recover, if anything, nominal damages. The court
seemed inclined to take this view of the effect of the evidence, but
counsel for the plaintiff suggested that he submit the question to the
jury and take their verdict, and, if favorable to the plaintiff, the court
could then set it aside. This was the course finally pursued and the
case was submitted to the jury, which found a verdict in favor of the
plaintiff for the face of the note and interest, and, in addition, the
expenses pertaining to the litigation against the indorser, with inter-
est. Upon a motion then made by the defendant to set aside the ver-
dict as against the weight of evidence, as contrary to law, and upon
the other grounds specified in section 999 of the Code of Civil Pro-
cedure, the court reserved its decision, and subsequently made an order
reducing the verdict to six cents, and the principal question presented
on this appeal is as to whether this order on which the judgment ap-
pealed from is entered was right. There can be no doubt but that it was
within the power of the court, entertaining the view it did of the evi-
dence upon disputed questions of fact as to the amount of damages
suffered, to set aside the verdict as against the weight of evidence and
direct a new trial; but we have found no sanction for a practice which
will permit the court, of its own motion, after the jury has returned
a verdict, to reduce it to a nominal amount.

It must be conceded that the question of the insolvency of the in-
dorser as well as the question of whether the plaintiff was induced
to bring the former action against the indorser either by request or
misrepresentation of the bank were questions of fact for the jury upon
conflicting evidence; and we are inclined upon the question of the
insolvency of the indorser, considering the presumption of solvency
which exists, to regard this also as a question of fact for the jury.
If the verdict was favorable to plaintiff, the trial judge had still the
right, upon the ground of being against the weight of evidence, to have
it set aside.

Upon the other question as to the right to recover expenses in-
curred by the plaintiff in a former action to charge the indorser, there
is authority for the proposition that where a bank has been guilty of
negligence in giving notice of protest to the indorser, whereby the
indorser is released, and the owner of the note has knowledge of the

negligent acts, his cause of action is complete; and, if he seeks to recover from the indorser, he cannot subsequently recover from the negligent collector the expenses of such prior action unless it was induced by a request or misrepresentation on the part of the collector. Hitchcock v. Bank of Suspension Bridge, 57 App. Div. 458, 68 N. Y. Supp. 234; Downer v. Madison County Bank, 6 Hill, 648; Ayrault v. Pacific Bank, 1 Abb. Prac. (U. S.) 381. The first of these cases is seeming authority, also, for the converse proposition that where there has been either request or misrepresentation on the part of the officers of a bank, which has led the owner of a note to seek to charge in an action the indorser, if unsuccessful because of the negligence of the bank, the expenses of such prior suit can be recovered. Here the evidence shows that the plaintiff received a letter from the defendant bank, which reads as follows:

"Our attorney claims that as the protest notice to Ira Van Gieson was not returned to him that it must have been delivered, also that if the name is illegible that it is practically a waiver of notice of protest. He says see a lawyer in regard to collection."

Plaintiff also testified that defendant's note collector told him the notice of protest had been sent to No. 1 Madison avenue. We have, on the other hand, the fact that the plaintiff learned from the notary before the case came on for trial that the notice had been sent to "Warren Gilson" in plaintiff's care.

As to this element of damage, therefore, as correctly held by the learned trial judge, there was also a question of fact for the jury, which, under the principle established by McDonald v. Met. St. Ry. Co., 167 N. Y. 66, 60 N. E. 282, and the cases which have since followed that decision, the Trial Court was bound in the first instance to submit to the jury, and if of the opinion that the verdict when rendered was against the weight of evidence the court had the power to set aside the verdict and direct a new trial. We find no sanction for the practice that, where the jury has rendered a verdict in favor of the plaintiff, the court in disposing of a motion to set aside the verdict and grant a new trial, under section 999 of the Code of Civil Procedure, can, instead, enter an order reducing the verdict to nominal damages and then direct a judgment to be entered for such amount.

As the relief to which the appellant would have been entitled had the court entered the proper order would be a new trial, it follows that the disposition to be made upon this appeal is to reverse the judgment and order, with costs to the appellant to abide the event and to direct a new trial of the action.

Judgment accordingly. All concur.