Bridge v. Mason.

Bridge and others *vs.* Mason and Meylert.

In an action against bankers, to recover damages for omitting to present a note for payment, at maturity, and to charge the indorser, the judge left it to the jury to find so much damages as they would consider such a claim to be worth against " *such a man* as the indorser was shown to be." *Held* erroneous ; and that the charge should have had reference to the *pecuniary means* of the indorser.

*Held, also,* that the amount of the note was *prima facie* the rule of damages. But that the defendants could show, in mitigation of damages, that the indorser was insolvent, or not worth property sufficient to enable the amount to be realized by process on a judgment. And if the indorser was shown to be wholly insolvent, and destitute of means, the defendants were entitled to a verdict.

In such an action the plaintiffs are entitled to recover such damages only as they have sustained, having reference to the amount of property which it shall appear from the evidence that the indorser was possessed of as owner.

THIS was an action to recover damages of the defendants, who were bankers, at Scranton, in Pennsylvania, for omitting to present a note for payment at maturity, and charge the indorser, and for sending to the maker an incorrect notice of the day the note fell due, in consequence of which, as was claimed, the maker omitted to pay the note, and subsequently failed in business, whereby the plaintiff lost the note. The note was made by H. Fulda, and dated August 30, 1859, for $337.20, payable, four months after

date to the order of Samuel Fulda, and indorsed by him and by the plaintiffs to the order of the defendants, for collection. The note was sent by the plaintiffs who were the holders, to the defendants, for collection, and matured January 2, 1860. The defendants, by mistake, and just before the note matured, sent an erroneous notice to the maker, of the day the note matured, (stating it to be payable January 17–20,) and the plaintiffs claimed that by reason of this the maker did not pay at maturity, and that she would have paid had the notice been correct; and the whole question in dispute turned upon the credibility of the plaintiffs' witness, Samuel Fulda, who was examined as a witness before a commissioner, in Pennsylvania, pursuant to a stipulation made between the attorneys in the cause, and the legal questions in the case turned upon the correctness of the judge's charge. The judge charged, among other things, "That the defendants failed to charge the indorser or protest the note; and if the plaintiffs have suffered any damage thereby, they are entitled to recover of the defendants. That the defendants have the right to show the insolvency of Samuel Fulda in mitigation of damages. That the jury are to find the damages the plaintiffs have sustained. They are to judge of Fulda's responsibility from all the evidence in the case, and find so much as damages for the plaintiffs as they would consider a claim of the amount of the note in suit to be worth against such a man as Fulda was shown by the evidence to be."

The jury found a verdict in favor of the plaintiffs, for $25, and the plaintiffs appealed from the judgment entered thereon.

*E. J. Spink,* for the appellants.

*J. C. Dimmick* for the respondents.

*By the Court,* LEONARD, J. There is some reason to believe that the jury, under the charge of the judge, gave

Bridge *v.* Mason.

their verdict with reference to the character of the indorser, Fulda, rather than to his pecuniary ability. I can account in no other way for the singular amount of their verdict for the plaintiffs, $25. The only witness for the plaintiffs in respect to the amount of his means was Fulda. There was some internal evidence from his own testimony, that he was not much to be relied on as a witness. He appeared to be ignorant of facts which it seemed incredible that he should not know; and he also caused himself to be denied, when application was made at his residence for the payment of a small draft. The jury might have wholly discredited Fulda as a witness; but in that event their verdict would have been for the defendants, or merely in a nominal sum for the plaintiffs. From the evidence of the defendants, Fulda appeared to be insolvent. If the jury, however, gave full credit to the evidence of Fulda, they should have found for the plaintiffs the full amount of the note.

The charge of the judge left it to the jury to find so much damages as they would consider such a claim to be worth against such a man as Fulda was shown to be. Had the judge instructed them to find so much damages as a claim of the amount of the note was worth against a man of Fulda's means, I think there would have been substantially a conformity with the true rule of damages. Fulda may be a very mean man, and yet the claim be collectable against him. The rule laid down by the judge admitted of the construction, that Fulda, being contemptible, denying himself when called on for the payment of drafts, the jury might find that nothing could be collected from him.

The charge should have had reference to the pecuniary means of Fulda, not to "*such a man* as he was shown to be." The charge was erroneous in this respect. The amount of the note was *prima facie* the rule of damages. The defendants can show in mitigation of damages that the indorser is insolvent, or not worth property sufficient to enable the amount to be realized by process on a judgment. If the indorser is

shown to be wholly insolvent, and destitute of means, the defendants are entitled to a verdict. The plaintiffs are entitled to recover such damages only as they have sustained, having reference to the amount of property which it shall appear from the evidence that the indorser whose liability has been lost by the negligence of the defendants was possessed of as owner. (*Allen* v. *Suydam*, 20 *Wend.* 321, 330.) I see no other error in the case. The judgment should be reversed, with costs to abide the event.

[NEW YORK GENERAL TERM, September, 19, 1865. *Ingraham, Leonard* and *Sutherland,* Justices.]