THE FIRST NATIONAL BANK OF MEADVILLE, PENNSYLVANIA, Respondent, *v.* THE FOURTH NATIONAL BANK OF THE CITY OF NEW YORK, Appellant.

Defendant having received from plaintiff for collection, a draft drawn by a Pennsylvania bank, on C., P. & Co., bankers in N. Y., delivered the draft to the drawees on receipt of their check for the amount; this was not presented for payment until the next day, when payment was refused, C., P. & Co. having failed on that day. Defendant thereupon returned the check to C., P. & Co., and received back the draft, demanded payment, caused the same to be protested for non-payment and the next day served notice of protest upon the drawer. In an action to recover damages for alleged negligence, it was *held*, that defendant was liable, but that as the remedy against the drawer was preserved, defendant was only liable for the actual damages. (77 N. Y. 320.)

On a second trial for the purpose of showing damage to the full amount of the draft, plaintiff offered in evidence a judgment record in an action brought by it in a Pennsylvania court against the drawer, whereby it was adjudged that the acceptance of the check and omission to make due presentment constituted as between the drawer, the payee and defendant a payment and discharged the drawer's liability. *Held*, that the record was competent evidence and conclusively established plaintiff's damages to be the full amount of the draft.

Also *held*, that it was not incumbent upon plaintiff as a condition of recovery to tender the draft to defendant.

The new trial was had after the going into effect of the Laws of 1879 (Chap. 538), fixing the rate of interest at six per cent. *Held*, that plaintiff was only entitled to interest at that rate for the whole period after the cause of action accrued.

*The First Nat. Bank* v. *The Fourth Nat. Bank* (24 Hun 241), modified.

(Argued June 1, 1882 ; decided June 13, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order

made March 17, 1881, which affirmed a judgment in favor of plaintiff, entered upon the report of the referee. (Reported below, 24 Hun, 241.)

This action was brought to recover damages resulting from alleged negligence on the part of defendant in performance of its duty as agent for plaintiff.

The case is reported on a former appeal in 77 N. Y. 320.

On March 22, 1866, the National Bank of Crawford county, Pa., made and delivered to plaintiff, a National bank, located at the same place, a sight draft for $6,000, drawn upon Culver, Penn & Co., bankers in New York city; which draft plaintiff indorsed and mailed to defendant, its corresponding bank in said city, for collection. It was received by defendant on the morning of March 26, and was on that morning presented to the drawees for payment. Said drawees gave their check on a New York bank for the amount, and the draft was delivered to them. Defendant did not present the check for payment on that day; it was sent through the clearing-house and presented for payment the next day, but payment was refused, as Culver, Penn & Co. had failed on that day. Defendant thereupon returned the check, received back the draft, made formal demand of payment and caused the same to be protested for non-payment. On March 28, due notice of protest was served by mail upon plaintiff and upon the drawer.

The further material facts are stated in the opinion.

*Wm. S. Opdyke* for appellant. As the draft was payable at the city of New York the liability of the drawer is to be determined solely by the law of the State of New York. (*Hibernia Nat. Bk.* v. *Lacombe*, 84 N. Y. 367; *Everett* v. *Vendryes*, 19 id. 436; *Dickinson* v. *Edwards*, 77 id. 573; *Scudder* v. *Union Nat. Bk.*, 1 Otto, 406.) The law of Pennsylvania, in the absence of any evidence, is presumed to be the same as the law of this State. (1 Wharton on Evidence, § 34.) This presumption can be overthrown only by proof of the law of Pennsylvania, as a fact, by oral evidence or by the books of reports of cases adjudged in the courts of that State. (Greenleaf,

§ 488; Code of Civil Proc., § 942.) The judgment-roll, if competent evidence for any purpose, is evidence only of the fact that such an action was brought and such a judgment rendered. For all other purposes it is *res inter alios acta.* (Greenleaf on Evidence, § 338.) A check received for the amount of a debt due is not payment unless subsequently honored. (*Smith* v. *Miller,* 52 N. Y. 173.) The courts judicially recognize the existence of the custom in the city of New York for banks to collect, through the clearing-house, all checks received by them under an arrangement by which the actual payment of such checks is not completed until the day subsequent to the receipt thereof. (*Agawam Bk.* v. *Strever,* 18 N. Y. 502; *Eaton & Co.* v. *Avery,* 83 id. 31; *Merch. Nat. Bk. of Whitehall* v. *Hall,* id. 333; 3 Encyclopædia Brittanica [9th ed.], 328; 1 Johnson's Cyclopædia, 973; Homan's Bankers' Almanac, 1881, p. 284; 2 American Cyclopædia, 282; Report Contr. of the Currency, 1881, p. 24; *Turner* v. *Bk. of Fox Lake,* 4 Abb. Ct. App. Dec. 432; *Burkhalter* v. *Second Nat. Bk. of Erie,* 42 N. Y. 538; *Indig* v. *Nat. City Bk. of B'klyn,* 80 id. 100.) The plaintiff's delay in asserting its claim against the defendant, and its omission to tender the draft to the defendant, are fatal to its claim. (77 N. Y. 330.) This being an action against the defendant for its alleged negligence, interest is to be allowed upon recovery, if allowed at all, merely by way of additional damages. (*Brainerd* v. *Jones,* 18 N. Y. 35; *Hamilton* v. *Van Rensselaer,* 43 id. 246; *Cook* v. *Fowler,* L. R., 7 H. L. 27; *Holden* v. *Trust Co.,* 100 U. S. 72; *Union Institution* v. *City of Boston,* 129 Mass. 82; *Fake* v. *Eddy's Ex'rs,* 15 Wend. 76–80; 1 Sedgwick on Damages, marg. p. 233; *Stewart* v. *Ellice,* 2 Paige, 604; *Sup'vrs of Onondaga* v. *Briggs,* 3 Denio, 173.) Under the circumstances the court will order final judgment. (*Edmondston* v. *Field,* 16 N. Y. 543, 545; *Jackson* v. *Andrews,* 59 id. 244, 249; *Baker* v. *Lever,* 5 Hun, 114; 67 N. Y. 304.) As the draft was payable in New York, the drawer's liability, wherever it might be sued, was governed by the laws of New York. (*Hibernia Nat. Bk.* v. *Lacombe,* 84 N. Y. 367; *Everett* v. *Vendryes,* 19 id. 436;

*Meadville Bk.* v. *Fourth Nat. Bk.*, 77 id. 320.) When a party's loss has been measured by the amount of a recovery against it, that judgment is then evidence only of the quantum of damage, and is not in itself evidence of the liability for such damage. (*Britton* v. *Nicholls*, 3 Morrison's Transcript, U. S. Sup. Ct. Dec. 693–703; *Green* v. *New River Co.*, 4 T. R. 589; *Pritchard* v. *Hitchcock*, 6 M. & G. 168; *Douglass* v. *Howland*, 24 Wend. 35, 53; *Thomas* v. *Hubbell*, 15 N. Y. 405; *Bridgeport Ins. Co.* v. *Wilson*, 34 id. 275; *Second Nat. Bk.* v. *Ocean Nat. Bk.*, 11 Blatchf. 362, 369; Wharton on Evidence [2d ed.], § 823; Freeman on Judgments, §§ 180, 417; Bigelow on Estoppel, 65, 75.)

*Henry J. Scudder* for respondent. If a local custom had been made out, the ignorance of its existence, on the plaintiff's part, would have freed him from its requirements. (*Wall* v. *Bailey*, 49 N. Y. 470.) The appellant having received the draft upon account of an indebtedness to it by the drawer, or in payment of such indebtedness, either *sub modo* or absolutely, and failing through the negligence of its agent to collect the draft when collection was easy and certain, cannot throw the loss, caused by its carelessness and occasioning the total loss of the fund upon which the draft was drawn through its fault, back upon the drawer. (*Bradford* v. *Fox*, 38 N. Y. 291.) It was the duty of the defendant to charge the drawer of the draft. (Story on Prom. Notes, § 339; Daniels on Nego. Instru., §§ 327, 328, 910, 1625; *Allen* v. *The Merch. Bank*, Court of Errors, 23 Wend. 238, 239; *Montgomery County Bk.* v. *Albany City Bk.*, 3 Seld. 459; *Com. Bk. of Penn.* v. *Union Bank of New York*, 11 N. Y. 203.) The judgment record was properly received in evidence. It was competent for the purpose of establishing the measure of damages, and the efforts of appellant to escape the loss it sustained through the negligence of respondent and the futility of these efforts. (*Green* v. *N. R. Co.*, 4 T. R., 589; *Pritchard* v. *Hitchcock*, 6 M. & G. 165.) The referee was right in computing the interest at seven per cent to January 1, 1880, and after that at

six per cent. (*Asso. for Relief of Females* v. *Eagleson,* Sup. Ct., Sp. T., Freedman, J., Daily Register, Nov. 13, 1880 ; *Wilson* v. *Cobb,* 31 N. J. Eq. 91 ; S. C., 9 Reporter, 123 ; Story on Conflict of Laws, § 311a, note 4, citing *Grant* v. *Healey,* 3 · Sumn. 523.) The record, having been offered to show the damages, was competent. (Wharton, § 823; *Farmers & M. Bk.* v. *Erie R. R. Co.,* 72 N. Y. 188.)

Andrews, Ch. J. This court held on the former appeal (77 N. Y. 320) that the whole duty of the defendant to the plaintiff, was not discharged by the presentment, demand and protest of the draft, within such time as is required by the general rule of law, in order to preserve the liability of the drawer, but that having on March 26, 1866, taken the check of the drawees for the draft, it was bound to make immediate presentment, and having delayed the presentment until the 27th, whereby the collection of the check was prevented, in consequence of the failure of Culver, Penn & Co. on that day, the defendant was chargeable with negligence, and a right of action therefor accrued to the plaintiff.

But the court reversed the judgment rendered for the amount of the draft, on the ground that it did not appear that the plaintiff had sustained damages to that extent through the defendant's negligence. · The complaint, in one aspect, proceeds on the theory that the drawers had not been legally charged by due presentment and protest, and it averred that if legally charged the draft could have been collected from the drawer. This court held the presentment and demand on the 27th, and the service of notice of protest on the 28th, was sufficient within the law merchant to charge the drawer, and that as it appeared that the remedy of the plaintiff against the drawer of the draft was preserved, and that the drawer was solvent, the plaintiff was only entitled to recover the actual damages sustained. The cause was, therefore, sent back for error in the rule of damages.

On the second trial, from the judgment on which, this appeal is taken, the plaintiff for the purpose of showing that it had

sustained damages from the defendant's negligence to the full amount of the draft, produced in evidence the record of a judgment rendered in the Court of Common Pleas of Crawford County, Pa., in an action by the present plaintiff against the National Bank of Crawford county, a Pennsylvania corporation, the drawer of the draft, whereby it was adjudged that the transaction of March 26, 1866, constituted, as between the defendant, the drawer, and the plaintiff, the payee, a payment of the bill, and judgment passed on that ground for the defendant. This judgment rendered by a court of competent jurisdiction in an action presenting all the material facts conclusively established, as between the parties thereto, that the receipt of the check of Culver, Penn & Co., and the omission to make due presentment thereof, discharged the drawer's liability on the draft. The record was, we think, competent evidence in this case upon the question of damages. It seems to us to be quite immaterial to inquire, whether the same judgment would have been rendered if the action had been brought in this State. The plaintiff was compelled to resort to the courts of Pennsylvania, to bring its action against the drawer. No fraud or collusion is shown. The defendant in this action, by its failure to discharge its duty as collecting agent of the plaintiff, made itself liable for the damages the plaintiff has sustained through such neglect of duty. The practical effect of the Pennsylvania judgment, is to deprive the plaintiff of any remedy against the Crawford County Bank. It does not lie with the defendant to say that if the question had been tested in another jurisdiction, the result would have been different. We think, therefore, that the plaintiff was entitled to recover, under the proof on the second trial, the full amount of the draft as damages for the defendant's negligence.

The referee found, upon sufficient evidence, that no uniform custom in regard to accepting checks from the drawees of sight bills in payment of drafts sent to collecting banks in the city of New York, was proved. The evidence shows that the practice varies with the credit of the drawee, the condition of the money market and other circumstances, and among different

banks, and the plaintiff had no knowledge of any such custom or practice. So also as to the alleged custom of collecting checks through the clearing-house, by which they are not presented to the bank on which they are drawn until the next day after they are received. This practice prevailed only among banks making exchanges through the clearing-house. It did not prevail among other banks, or with savings banks, or trust companies, or with respect to checks on private bankers. The evidence failed to establish a certain, uniform or general custom, in respect either to accepting checks for drafts or collecting them through the clearing-house. It is unnecessary therefore to consider whether the alleged custom to receive uncertified checks in payment of bills, and to defer presentation until the next day after their receipt, if established, would regulate and define the rule of diligence, as between a collecting agent and his foreign principal. It was not, we think, incumbent upon the plaintiff to tender the draft to the defendant as a condition of recovery.

The judgment should therefore be affirmed with a modification in respect to the allowance of interest, which should be at the rate of six per cent for the whole period after the right of action accrued, according to the principle settled in *Salter* v. *Utica, etc., R. R. Co.* (86 N. Y. 401).

The judgment should be, therefore, affirmed as modified, but without costs of this appeal.

All concur.

Judgment accordingly.