WILLIAM GUILFORD, Plaintiff, v. MORRIS C. MULKIN, Defendant.

*Payment for property, by the giving of the vendee's note — the original obligation remains until the note is paid — effect of the direction of a verdict.*

The giving of a purchaser's promissory note, for the purchase price of property purchased, at the time of the sale, is not a payment therefor.

If credit is given upon a sale, which is evidenced by the purchaser's promissory note, the seller's remedy is suspended until after the note becomes due.

The note is but a written security for the payment of the debt and only extinguishes the debt upon the payment of the note.

The debt is not merged in the note, and if the note is not paid when due the security is dishonored and the suspension of time of payment is ended, the debt still remains and the creditor can sue on the original obligation.

FIFTH DEPARTMENT, MARCH TERM, 1895.　　　[Vol. 85.

Where a debtor claims that his written promise to pay has accomplished the payment, he must show that his promise has been performed.

Where both parties to an action ask for the direction of a verdict, the court, in directing the verdict in favor of one of the parties, occupies the place of the jury and determines all the questions of fact in the case in favor of the successful party.

MOTION by the defendant, Morris C. Mulkin, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, upon the verdict of a jury in favor of the plaintiff rendered by direction of the court after a trial at the Allegany Circuit on the 3d day of January, 1894.

*S. McArthur Norton,* for the plaintiff.

*Rufus Scott,* for the defendant.

WARD, J. :

This was an action tried at the Allegany Circuit in January, 1894.

The plaintiff's complaint alleged the sale and delivery by him to the defendant on the 13th of September, 1886, of a pair of colts of the value and agreed price of $255, to be paid for in three months, with interest; that the same had not been paid, and plaintiff demanded judgment.

The answer of the defendant contained no general denial, but alleged that at the time of the sale of the colts the defendant made and delivered to the plaintiff, in satisfaction of the purchase price of the colts, the defendant's promissory note, whereby he promised to pay in three months the $255, with interest, and denied that he had agreed to pay for the colts in any other way than by the note.

Upon the trial the plaintiff brought the note into court, and offered to surrender it to the defendant and have it canceled. No evidence was given on behalf of the plaintiff, but the defendant testified in his own behalf substantially that at the time he bought the colts he gave the note set forth in the answer, and that it had not been paid. It did not appear that the plaintiff had negotiated the note. The plaintiff asked for the direction of a verdict for himself, and the defendant moved for the direction of a verdict for the defendant. Neither party asked to go to the jury. No agreement was proved that the plaintiff was to take the note in payment for the colts. The court directed a verdict for the plaintiff.

The defendant alleges that error was committed by the trial court because the only contract of payment made by the defendant was to pay the note, and that the action should have been brought on the note, which was the plaintiff's only remedy.

This contention cannot be sustained. The giving of the purchaser's promissory note for the price of the property sold, at the time of the sale, is not a payment.

If credit is given upon the sale, which is evidenced by the promissory note, the seller's remedy is suspended until the note becomes due.

The note is but a written security for the debt, and only extinguishes it upon payment. The debt is not merged in the note. If the note is not paid when due the security is dishonored, and the suspended time of payment ended, and the debt still remains and the creditor can sue on the original obligation. These considerations apply where, as in this case, the security is not negotiated by the creditor. If the debtor claims that his written promise to pay accomplished the payment, he must show that his promise has been performed. He cannot pay his debts with a broken promise. Whatever may be the rule in other States, or the views expressed by elementary writers upon this subject, the foregoing undoubtedly gives the law in this State. (*Jagger Iron Co.* v. *Walker*, 76 N. Y. 521, 524, and cases cited ; Edwards on Bills and Notes [2d ed.], 192 and note; *Hughes* v. *Wheeler*, 8 Cow. 77 ; *Hill* v. *Beebe*, 13 N. Y. 556; *Muldon* v. *Whitlock*, 1 Cow. 290; *Combs & Shute* v. *Bateman*, 10 Barb. 573.)

Both parties having asked for a direction of a verdict, the court determined any question of fact in the case, upon the evidence, in the place of the jury; and, if there were any questions of fact, they have been determined against the defendant, who was the sole witness in his own behalf, and such decision is conclusive here.

The motion for a new trial should be denied, with costs to be paid by the defendant, and the plaintiff have judgment on the verdict.

Dwight, P. J., Lewis and Bradley, JJ., concurred.

Defendant's motion for a new trial denied and judgment directed on the verdict for the plaintiff.