The National Revere Bank of Boston, Respondent, *v.* The National Bank of the Republic of New York, Appellant.

*Duty of a bank receiving a draft for collection, where the draft received in payment thereof is not paid.*

A bank which sends a draft deposited with it for collection to the drawee bank, and receives in payment the draft of the latter bank and protests it for non-payment, but makes no effort to regain possession of the draft which it forwarded for collection, and does not protest it for non-payment or give notice of such non-payment to the person from whom it received it, or to the drawer or indorser thereof, is liable for the amount of the draft to the person from whom it received it.

Appeal by the defendant, The National Bank of the Republic of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 5th day of March, 1900, upon the verdict of a jury, and also from an order entered in said clerk's office on the 8th day of March, 1900, denying the defendant's motion for a new trial made upon the minutes.

*George S. Hastings*, for the appellant.

*George A. Strong*, for the respondent.

Ingraham, J. :

There is no substantial dispute as to the facts of this case. The plaintiff, a National bank in Boston, Massachusetts, and the defendant, a National bank doing business in the city of New York, were "mutual correspondents," and in the usual course of business the plaintiff sent to the defendant for collection two drafts, one dated August 27, 1895, drawn by one Henry D. Watson upon the Kearney Bank of Kearney, Nebraska, to the order of Lydia A. Scott and duly indorsed by her ; and the other, dated August 28, 1895, drawn

by the same person upon the same bank to the order of the same payee and duly indorsed. The first check was received by the defendant on the 29th day of August, 1895, and the other on the following day and were upon the days that they were received forwarded to the Kearney National Bank by mail. Nothing was heard of these checks by the defendant until September 13, 1895, when the defendant received two drafts drawn by the Kearney National Bank upon the defendant, one dated September 7, 1895, for $3,500, and the other dated September 9, 1895, for $2,500. As the account of the Kearney National Bank with the National Bank of the Republic (defendant) was overdrawn at the time the draft was received, the National Bank of the Republic refused to honor the drafts, had them protested and forwarded them to the plaintiff, who refused to receive them and returned them to the defendant. It further appeared that when these drafts were received by the defendant the Kearney National Bank had closed its doors, and it was shortly afterwards declared insolvent and placed in the hands of a receiver; that the defendant had from 1889 been the reserve agent and correspondent of the Kearney National Bank; that whenever the defendant had any checks or drafts on any bank or individual in Kearney, Nebraska, they were sent to the Kearney National Bank for collection, and that when collected they were paid by drafts drawn by the Kearney Bank upon the defendant; that at the time these drafts were received by the Kearney National Bank the account of the drawer of the drafts, or the account to which the drafts were to be charged, was not good for the amount called for; that the Kearney National Bank held the drafts for several days until that account was made good, then sent its drafts on New York to the defendant and delivered the drafts to the drawer or his agent at Kearney, Nebraska. After the drafts sent by the Kearney National Bank to the defendant were protested for non-payment the defendant made no effort to obtain possession of the drafts which it had received from the plaintiff for collection. Payment of such drafts was never refused. They were never protested for non-payment and no notice of non-payment was given to the plaintiff or the drawer or indorser. All that the defendant did was to protest the drafts of the National Bank of Kearney drawn upon itself for non-payment and forward the protested drafts to the plaintiff as a

compliance with its obligation as collecting agent of the plaintiff. The plaintiff claims that this made the defendant liable to the plaintiff for the amount of the drafts which had been placed in the hands of the defendant for collection, and in this we concur. We had occasion to examine this question in the case of *Kirkham* v. *Bank of America* (26 App. Div. 120), and following the case of *Smith* v. *Miller* (43 N. Y. 171; 52 id. 545), we held that it was the duty of the collecting bank, when a check or draft given in payment of a check deposited for collection was dishonored, to have demanded back the draft and again presented it for payment, and in case of refusal, to have given notice of such demand and refusal to the drawers; that the fact that the drawees were insolvent was no excuse for such neglect to protest the draft and give notice thereof to the drawer, and that the *laches* of the plaintiff in not again demanding payment of the draft when the check was returned was sufficient to discharge the liability of the drawer of the draft and to extinguish the debt for which the draft was given. In this case, as in *Smith* v. *Miller* (*supra*), there was no refusal of the drawees to pay the drafts. We think that this rule is a reasonable one, necessary for the protection of the owners of commercial paper deposited for collection. The collecting bank having the control of the paper deposited for collection, its one duty is to present the paper to the payee and demand and receive payment. It is not authorized to surrender the paper to the payee except upon payment, and while it is authorized to use the usual and customary means of transmitting the paper to the payee, so that the transmission of such paper by the United States mail would not of itself constitute the payee an agent for the collecting bank, it must at the same time see to it that when the paper is so presented for payment it is either properly paid or returned properly protested. It would not do for the collecting bank, having assumed the obligation to act as agent in collecting the draft, simply to transmit the draft by mail to the payee and do nothing more to protect its principal. It assumes the active duty of collecting the paper when it accepts it for collection, or else causing it to be duly protested and notice thereof given so that the drawer and indorser can be charged, and for a failure to perform this duty the collecting agent is liable to its principal for the amount of the draft.

As we think upon the facts stated the plaintiff was entitled to the direction of a verdict, the submission of the question to the jury was not error of which the defendant can take advantage, and it is not necessary for us to examine the correctness of the various propositions charged by the court.

Nor do we think that the notice given by the defendant to the plaintiff in September, 1893, as to two checks on the Kearney Bank which had then been delivered to the defendant for collection, relieved the defendant from the responsibility which we have before indicated should be enforced against it in this action.   There is nothing to show that this letter had any relation to any checks except the two therein mentioned; but the notice given by that letter was that the defendant would refuse to receive the drafts therein described as cash, but was willing to receive them for collection, and it is the failure to perform the obligation of the defendant as the collecting agent of the plaintiff that makes the defendant liable.

The objections to the admission of evidence, to which our attention has been called by the defendant, have been examined, but we do not think there is any error that would justify a reversal of the judgment.

The judgment appealed from should be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and HATCH, JJ., concurred.

Judgment affirmed, with costs.