RICHARD S. GILPIN, Respondent, *v.* WILLIAM M. SAVAGE, Appellant.

Bills, notes and checks — method of presenting note and demanding payment thereof — demand on maker at proper place, but over telephone, insufficient.

Presentment of a note and demand of payment must be made by actual exhibition of the instrument itself or, at least, the demand should be accompanied by some clear indication that the instrument is at hand, ready to be delivered, and such must really be the case. While it may not be necessary to actually produce the note if the maker refuses to pay it, it must be at the place for presentment, otherwise the presentment is insufficient. Hence a demand over the telephone on the maker, at the place specified in the note, is not sufficient.

*Gilpin* v. *Savage*, 132 App. Div. 948, reversed.

(Argued February 23, 1911; decided March 3, 1911.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 28, 1909, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John T. Ryan* for appellant. Presentment of the note herein at the place of payment was a condition precedent to the liability of this defendant as an indorser thereon. (*Parker* v. *Strand*, 98 N. Y. 379; *Ferner* v. *Williams*, 37 Barb. 9; *C. N. Bank* v. *Holt & Co.*, 7 Penn. C. C. Rep. 485.) To constitute due presentment at the place of payment, so as to bind this defendant as an indorser, the note herein should have been physically present thereat on the day of its maturity. (*I. Mfg. Co.* v. *Sachen*, 129 App. Div. 555; *Brooks* v. *Higby*, 11 Hun, 235; *Freeman* v. *Boynton*, 7 Mass. 483; *Shaw* v. *Reed*, 12 Pick. 132; *Arnold* v. *Dresser*, 8 Allen, 435; *Woodbridge* v. *Brigham*, 13 Mass. 556; *Smith* v. *McLean*, 2 Taylor [N. C.], 72; *Manning* v. *Lyon*, 70 Hun, 345; *Smith* v. *Miller*, 52 N. Y. 545; *O'Neil* v. *Meigham*, 32 Misc. Rep. 516.) The telephonic conversation between the employees of the bank and the maker herein did not constitute a due presentment of said note at the place of payment. (*T. & W. Co.* v. *Appleby*, 5 Kan. Ct. App. 680; *Parker* v. *Stroud*, 98 N. Y. 379; *M. H. R. Bank* v. *H. R. W. Co.*, 70 App. Div. 232; *Barnes* v. *Vaughan*, 3 R. I. 359; *Pierce* v. *Whitney*, 29 Me. 188; *Stukert* v. *Anderson*, 3 Whart. [Penn.] 116.)

*John M. Hull* and *Aaron Fybush* for respondent. In making demand of payment of the maker for the purpose of fixing the liability of the indorser, the one making the demand must have the note in his possession, but it is unnecessary to exhibit it unless requested. (Daniels on Neg. Inst. [5th ed.] § 654; *Lockwood* v. *Crawford*, 18 Conn. 361; *King* v. *Crow-*

*ell*, 61 Me. 244; *Porter* v. *Thom*, 40 App. Div. 34; 167 N. Y. 584; *Warring* v. *Betts*, 90 Va. 51; Norton on Bills & Notes, § 140.) The demand of payment by means of the telephone and written notice of non-payment constitute a due presentment and demand of payment of the maker so as to bind the indorser. (1 Elliott on Ev. § 233; *G. P. Co.* v. *Stahl*, 23 Mo. App. 451; *Jones* on Tel. & Tel. Co. § 679; *Young* v. *S. T. Co.*, 63 L. R. A. 988; *Wolfe* v. *M. P. R. R. Co.*, 97 Mo. 473; *R. I. R. R. Co.* v. *Potter*, 36 Ill. App. 590; *Guest* v. *H. & St. J. R. R. Co.*, 77 Mo. App. 258; *Murphy* v. *Jack*, 142 N. Y. 215; *People* v. *Ward*, 3 N. Y. Cr. Rep. 483; *Deering* v. *Shumpik*, 67 Minn. 348; *Shawyer* v. *Chamberlain*, 113 Iowa, 742; *Oskamp* v. *Gadsden*, 35 Neb. 7.)

Cullen, Ch. J. The action is brought against the indorser of a promissory note made payable at a particular place designated by street and number, which was the residence of the maker. The only question in the case is whether the presentment to the maker was sufficient to charge the indorser. At the maturity of the note it was in the hands of the Columbia National Bank, which was located about two miles from the maker's residence, in Buffalo. After some delays the cashier of the bank succeeded in calling up the maker at his place of residence. He stated to him that the bank held the note, and the further conversation between the parties we will assume to be sufficient to establish a demand for its payment and refusal or statement of inability on the part of the maker to comply with the demand. The cashier had the note in his possession when the demand was made and the maker made no request to see it or for its production, but stated he would call at the bank, which he did a short time subsequently; what then transpired between the parties does not appear. By section 116 of the Negotiable Instruments Law an indorser engages that on due presentment a note or bill will be paid, and that if it be dishonored and if the necessary proceedings on dishonor be duly

taken, he will pay the amount thereof to the holder. By section 130 presentment for payment is necessary in order to charge the indorser. By section 132 presentment to be sufficient must be made at a proper place as defined in the act, and by section 133 presentment is made at a proper place where a place of payment is specified in the instrument and it is there presented. These statutory provisions seem to be a mere re-enactment of the common law as it has hitherto obtained in this state, with the possible exception that they may have altered the rule that where no possible damage could occur to the indorser by the failure to make proper presentment he was not discharged by such failure, which exception, however, was of the most limited character, mere insolvency of a party primarily liable on the instrument not being sufficient to create it. (*Smith* v. *Miller,* 52 N. Y. 545.) It seems to us entirely clear that no proper presentment of the note was made. Presentment of a note and demand of payment must be made by actual exhibition of the instrument itself, or at least the demand should be accompanied by some clear indication that the instrument is at hand, ready to be delivered, and such must really be the case. (Daniel on Negotiable Instruments, § 654.) While it may not be necessary to actually produce the note if the maker refuses to pay it, it must be there at the place for presentment, otherwise the presentment is insufficient. (Story on Promissory Notes, § 243 ; *Freeman* v. *Boynton,* 7 Mass. 483 ; *Woodbridge* v. *Brigham,* 13 Mass. 556.) The reasoning of Chief Judge RUGER in the case of *Parker* v. *Stroud* (98 N. Y. 379) clearly points out the reason for the rule. The action was against the indorser of a demand note who pleaded the Statute of Limitations, relying upon a demand for payment made on the maker by mail. It was held the demand was insufficient to set the statute running. It was said : " A demand of payment, at the place named, is an essential part of the contract so far as the indorser is concerned, and no right of action accrues to the holder until ' after demand has been made in strict compliance with the terms of the contract and due notice

given of the default' * * * It is essential to the validity of a demand, that it shall be made by a person authorized to receive payment, and deliver the instrument upon which it is founded, and the person upon whom it is made, must then be afforded an opportunity, by immediate payment or performance, to protect himself from the consequences of a breach of contract." (p. 384.) So necessary is it that the demand be made at the place specified in the instrument in order that the indorser may be charged, that the addition to a promissory note payable generally of words specifying a particular place of payment is held to be a material alteration of a contract which of itself discharges the indorser. (*Woodworth* v. *President, etc., Bank of America,* 19 Johns. 391.)

The counsel for the respondent seeks to sustain the judgment below on two propositions : *First,* that a demand over the telephone on the maker, at the place specified in the note, is the same as a demand at that place by ordinary speech ; *second,* that the possession of the note by the cashier was sufficient to make the demand a proper one. The truth of the first proposition as a general rule may be conceded ; but the argument ignores the fact that a valid presentment, as hitherto pointed out, consists of something more than mere demand. It requires personal attendance at the place of demand with the note, in readiness to exhibit it if required and to receive payment and surrender it if the debtor is willing to pay. The counsel cites several cases in which it is said that the possession of the instrument by the person making the demand is sufficient although it is not actually exhibited. These statements were entirely accurate when made before the general use of the telephone. When demand is made by ordinary human vocal power, unaided by mechanical device, it is plain that the person making the demand is necessarily present at the place at which the demand is made, and if the instrument is in his possession the presence of the instrument is equally clear. The statement if now inaccurate is so by the use of the telephone. If the theory on which the decisions of the courts below have proceeded is to prevail

it is difficult to see why a valid presentment of a note payable in Buffalo might not be made over the telephone from New York, or if that is to be deemed too great a distance, where shall the line between a sufficient and insufficient demand and presentment be drawn? Will a demand for payment of an instrument payable in Buffalo be good if made at Batavia and bad if made at Rochester?

The judgment appealed from should be reversed and new trial ordered, costs to abide the event.

GRAY, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur; HAIGHT, J., absent.

Judgment reversed, etc.