Judgment modified, as indicated in opinion, and, as modified, affirmed, without costs. Order to be settled on notice.

INGRAHAM, P. J., and CLARKE and HOTCHKISS, JJ., concur.

DOWLING, J. (dissenting). Having reached the conclusion that the contract between the parties and the defendant's pretended services thereunder were but a cover for the collection of usury, and that the whole transaction amounted to no more than the loan of money at an usurious rate of interest, I dissent from the modification of the judgment appealed from, and am in favor of affirmance.

---

GILPIN v. COLUMBIA NAT. BANK.   (No. 126/92.)

(Supreme Court, Appellate Division, Fourth Department.   March 26, 1915.)

1. JUDGMENT ☞735—CONCLUSIVENESS—ISSUES.

In an action against a collecting bank for having failed to present a note for payment, so as to charge its indorser, the judgment roll, in an action by the plaintiff against the indorser, was not conclusive evidence that the bank had been guilty of negligence in not making due presentation; the sole question settled by the judgment being whether the note had been duly presented as required by statute to charge the indorser, while the issue in the action against the bank was whether it had been negligent in presenting the note.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1263, 1265; Dec. Dig. ☞735.]

2. BANKS AND BANKING ☞175—COLLECTIONS—NEGLIGENCE—EVIDENCE.

In an action against a collecting bank for negligence in having failed to present a note for payment, so as to charge the indorser, evidence as to the circumstances attending the presentation of the note to the maker by telephone, as to what occurred at the banking office between its teller and the maker of the note, and as to the custom among the banks of the city as to the presentation of notes to the maker at the banking office, though payable elsewhere, if the maker comes to the bank, was improperly excluded on the issue of defendant's negligence.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 634–652; Dec. Dig. ☞175.]

3. BANKS AND BANKING ☞175—COLLECTIONS—NEGLIGENCE—DEFENSES—INSOLVENCY OF INDORSER.

In an action against a collecting bank for negligence in having failed to make presentment of a note, so as to charge its indorser, the burden was not upon the plaintiff to show that such indorser was financially responsible; his insolvency being matter of defense, to be proven upon the question of damages resulting from the bank's failure to properly present the note for payment.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 634–652; Dec. Dig. ☞175.]

4. BANKS AND BANKING ☞175—COLLECTIONS—EXTENT OF LIABILITY FOR NEGLIGENCE—COSTS IN CUSTOMER'S SUIT AGAINST INDORSER.

In an action against a collecting bank for negligence in having failed to present a note for payment, so as to charge its indorser, costs awarded against the plaintiff in his action against such indorser were not recoverable against the bank, since suit by the holder of a note against an indorser is not a condition precedent to such holder's right of action

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

against a collecting bank for failure to make due presentation; negligence of the bank being the sole foundation of the action.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 634–652; Dec. Dig. ☞175.]

Appeal from Trial Term, Erie County.

Action by Richard S. Gilpin against the Columbia National Bank. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

See, also, 147 N. Y. Supp. 1113.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

James McCormick Mitchell, of Buffalo (John M. Hull, of Buffalo, of counsel), for appellant.

Frank C. Ferguson, of Buffalo (Aaron Fybush, of Buffalo, of counsel), for respondent.

MERRELL, J.   We are of the opinion that there was sufficient evidence presented upon the trial to justify the jury in finding that the defendant bank was the agent of the plaintiff, and answerable to him for any negligence of which said defendant may have been guilty in the due presentation of the note in suit to the maker for payment. The conversation between the plaintiff and defendant's cashier, together with the correspondence between the defendant and the Sovereign Bank of Canada, from whom it received the note for collection, furnishes ample testimony from which the court might properly find that the relation of principal and agent existed.

[1, 2] However, upon the issue of defendant's negligence, we think the learned trial court committed errors which must result in a reversal of the judgment rendered.   In our opinion the judgment roll in the action against the indorser was improperly received as conclusive evidence of defendant's negligence.   While it may be that, upon the issue of due presentation of the note to charge the indorser, the judgment bound the defendant in this action, the question of defendant's negligence was not then in issue; the sole question involved in the action against the indorser being as to the sufficiency of the presentation and demand for payment by telephone.   In that action the trial court held that such presentation was good, and was sufficient to charge the indorser.   Four Justices of the Appellate Division concurred in such decision, and the judgment of the trial court was affirmed.   Finally, the Court of Appeals held that the note was not properly presented for payment, and reversed the judgments of the lower courts.   Gilpin v. Savage, 201 N. Y. 167, 94 N. E. 656, 34 L. R. A. (N. S.) 417, Ann. Cas. 1912A, 861.   The issue as to the due presentation must therefore be regarded as finally determined, and the defendant bank, having participated in the prosecution of said action, may be said to be bound by the judgment therein rendered, so far as the issues involved in said action are concerned.

In the action at bar quite a different issue is presented.   In the action against the indorser it was a matter of no moment whether the de-

fendant acted as would an ordinarily prudent person. The sole question there was as to whether the note had been duly presented as required by statute in order that the indorser might be charged. Here the issue is as to the defendant's negligence. A recovery has been had upon the theory that the defendant was negligent, in that it failed to exercise reasonable care and diligence, and such as an ordinarily prudent person under the circumstances was bound to exercise, in the presentation of said note to the maker for payment. We do not think the judgment in the action against the indorser was conclusive evidence of such negligence. Undoubtedly the judgment roll was properly received as proof of the fact that the indorser was not charged, and as to the event of the action to recover of the indorser, and as to all issues therein involved. It was not conclusive upon this defendant upon the issue of defendant's negligence.

We think the learned trial court erred in refusing to permit defendant to prove, upon the issue of its negligence, the circumstances attending the presentation of the note to the maker by telephone; that it erred in refusing to permit defendant to show what occurred at the banking office of the defendant between its teller, Voltz, and the maker of the note; and that said trial court erred in refusing to permit the defendant to show the custom among Buffalo banks in relation to the presentation of notes to makers at the banking office, although payable elsewhere, where the maker comes to the bank and waives presentation at the place where payable. Mechanics' Bank at Baltimore v. Merchants' Bank at Boston, 6 Metc. (Mass.) 13. See opinion by Shaw, C. J., at pages 30, 31, and 32.

We think such matters relevant upon the issues of defendant's failure to exercise reasonable care in the presentation of the note. What occurred at the bank between the maker and Voltz did not appear upon the trial of the action against the indorser, nor was the custom as to waiver of presentation above referred to shown upon said trial. While it may now be easy to say, in the light of the event of a litigation running through several years, that due presentation and demand for payment was not made by the defendant bank, it can hardly be said as matter of law that the judgment roll in the action which finally determined such fact is conclusive evidence that the defendant failed to exercise that degree of care which it should have exercised in presenting the note for payment. As bearing upon the question of defendant's exercise of reasonable care, the defendant was entitled to prove the facts and circumstances to which we have referred.

[3] We are unable to agree with the contention of the appellant that, as a basis for the damages claimed, the burden was upon plaintiff to show the financial responsibility of the indorser. Insolvency of the indorser would be a matter of defense, to be proven upon the question of damages alleged to have resulted through the agent's failure to properly present the note for payment. Sedgwick on Damages, vol. 3, § 819.

[4] The costs awarded against the plaintiff in his action against the indorser we think were improperly included in the recovery herein. If the defendant was negligent, it was not necessary, as a condition pre-

cedent, to sue the indorser, Savage, and plaintiff's cause of action was complete, aside from the unsuccessful attempt to collect from the indorser. Downer v. Madison County Bank, 6 Hill, 648; Hitchcock v. Bank of Suspension Bridge, 57 App. Div. 458, 460, 68 N. Y. Supp. 234.

The judgment appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment and order reversed, and new trial granted, with costs to the appellant to abide event. All concur.