RICHARD S. GILPIN, Appellant, *v.* COLUMBIA NATIONAL BANK, Respondent.

Bills, notes and checks — banks — principal and agent — bank receiving note from another bank with instructions and authority to collect it is agent of the latter bank — failure of agent bank to make presentment of note sufficient to charge indorser — when owner of such note cannot recover against the agent bank for its failure to charge indorser.

On examination of the testimony relative to a conversation had between plaintiff, the owner of a note forwarded to defendant for collection, and defendant, with reference to its presentation for payment and protest in case it was not paid, and subsequent correspondence between the defendant bank and the bank from which it received the note, *held,* that the defendant had from the bank from which it received the note complete and valid authority which the plaintiff neither took from or added to, to do all the plaintiff desired and asked, and that the conversation did not alter the relations of the parties. The bank forwarding the note was the principal, and defendant its agent in the transaction. Hence plaintiff cannot recover against defendant, by reason of the fact that the actual presentment of the note by it was not sufficient to charge the indorser.

*Gilpin* v. *Columbia Nat. Bank,* 167 App. Div. 46, affirmed.

(Argued February 7, 1917; decided April 6, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 29, 1915, reversing a judgment in favor of plaintiff entered upon a verdict and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank C. Ferguson* and *Aaron Fybush* for appellant.

*James McCormick Mitchell* and *Daniel J. Kenefick* for respondent. The defendant was the agent of the Sovereign Bank of Canada as a matter of law on the undis-

puted facts and, therefore, owed no duty to the plaintiff
in the premises. (Morse on Banks & Banking [4th ed.],
§ 272; Daniel on Neg. Inst. [5th ed.] § 344; Magee on
Banks & Banking [2d ed.], § 285; Banks & Banking, 7
Corpus Juris, 606, 607, 624; *McBride* v. *Illinois Nat.
Bank*, 138 App. Div. 339; *Izzo* v. *Luddington*, 79 App.
Div. 272; 178 N. Y. 621; *Held* v. *Caldwell-Easton Co.*,
97 App. Div. 301; *Inman* v. *Burt Co.*, 124 App. Div. 73;
*Anderson* v. *N. Y. & Harlem R. R. Co.*, 132 App. Div.
183; *Hugel* v. *Habel*, 132 App. Div. 327.)

COLLIN, J. The action is to recover the damages caused
by the alleged negligence of the defendant in that it did
not duly present to the maker for payment a promissory
note, bearing indorsements, owned by the plaintiff. (See
*Gilpin* v. *Savage*, 201 N. Y. 167.) While several
grounds are cogently urged by the respondent as sustain-
ing the reversal of the judgment of the Trial Term by
the Appellate Division, we have decided to declare a
single ground for our affirmance of the reversal.

The defendant is a national bank at Buffalo, New York.
In July, 1907, it received by mail from a bank of Toronto,
Canada, the promissory note which became due July 30,
1907, and was payable at number 507 Prospect avenue of
the city of Buffalo. The plaintiff had delivered the note,
indorsed by him payable to the order of the Canadian
bank, for collection to that bank, which in pursuance of
such purpose indorsed it payable to the order of and for-
warded it for collection to the defendant. In the fore-
noon of July 30, 1907, the plaintiff presented at the
defendant to its cashier a letter of the Canadian bank
introducing the plaintiff and said to him that he owned
the note and wanted it duly presented and protested in
case it was not paid and the indorser held, as he had
found out that the maker was not financially good; the
cashier replied that "he would attend to it and do it."
The actual presentment of the note by the defendant was

not sufficient to charge the indorser. (*Gilpin* v. *Savage,* 201 N. Y. 167.) On July 30, 1907, the protest fees on the note were charged by the defendant to the Canadian bank which subsequently paid them. On that day the defendant wrote the Canadian bank as follows: "Your B. C. R. (bill sent for collection) 899, $3,000.00, due today, in which Mr. Gilpin is interested, is being protested for non-payment. Mr. Gilpin has instructed us that, if the item is not paid tomorrow that we are to turn same over to our attorney for immediate suit. As we observe that you have endorsed the item without recourse, we will instruct our attorney to communicate direct to Mr. Gilpin any pertinent matters which may arise. If the foregoing meets with your approval, please confirm and, if not, we would request that you wire us promptly tomorrow so as to intercept the action we propose to take." By a reply dated July 31 the Canadian bank stated it would be satisfactory to it for the defendant "to communicate direct to Mr. Gilpin concerning this note." The defendant forthwith delivered the note to its attorney with instructions to bring suit upon it in the name of the plaintiff here, and the Canadian bank confirmed such action. At the close of the evidence the trial court refused to direct a verdict for the defendant and gave the defendant an exception. The jury were charged that if the defendant, in whatever it did on July 30 about presenting the note, was the representative of the Canadian bank, it was not liable to the plaintiff. The defendant excepted to the submission to the jury as a question whether or not the defendant was the agent of the plaintiff. The exceptions mentioned were well founded.

The defendant is not liable to the plaintiff unless the conversation between them on July 30 created between them the relation of principal and agent. Originally, beyond question, the Canadian bank was the agent of the plaintiff and the defendant was the agent of the Canadian

bank, engaged by it, on its own account, to aid it in the collection of the note. Therein the Canadian bank alone would become liable to the plaintiff on account of the negligence of itself or the defendant, its agent, in presenting for payment and protesting the note. (*Ayrault* v. *Pacific Bank*, 47 N. Y. 570; *Corn Exchange Bank* v. *Farmers' Natl. Bank*, 118 N. Y. 443, 447; *Montgomery Co. Bank.* v. *Albany City Bank*, 7 N. Y. 459; *Saint Nicholas Bank* v. *State National Bank*, 128 N. Y. 26; *National Revere Bank* v. *National Bank of Republic*, 172 N. Y. 102, 107; *Kirkham* v. *Bank of America,* 165 N. Y. 132; *Exchange National Bank of Pittsburg* v. *Third National Bank of New York*, 112 U. S. 276.) Unless the conversation between the plaintiff and defendant was adequate to create between them the relation of principal and agent in the matter of the collection of the note, the question as to the existence of the relation was not for the jury. The conversation was not thus adequate. It did not contain, expressly or through implication, any authority to the defendant from the plaintiff or any proposition and acceptance between them. The defendant had from the Canadian bank complete and valid authority and obligation, which the plaintiff neither took from nor added to, to do all the plaintiff desired and asked. The conversation did not to any extent affect or alter the situation or relation of the parties. The plaintiff recognized the agency of the defendant for the Canadian bank, created by the delivery and receipt between them of the note for collection, and the obligation of the defendant springing from the agency, and the continuance of the relation and the duty. The defendant simply acknowledged the agency and declared it would fulfill the obligation. When the plaintiff left the defendant the relations, the situations and the duties of the parties were precisely as they were before plaintiff and defendant met. We cannot realize in or from the conversation any effect upon the liabilities or obligations between the Canadian bank and the plaintiff,

between the defendant and the Canadian bank, or upon the absence of any privity or relation between the defendant and the plaintiff. The natural and reasonable effect of the conversation was, the plaintiff received a certain and authentic assurance that the defendant received and had from the Canadian bank the note for collection and would without question attend to its presentation and protest.

The order should be affirmed, with costs in all courts, and judgment absolute directed against appellant on the stipulation.

Hiscock, Ch. J., McLaughlin and Andrews, JJ., concur; Chase, Cardozo and Pound, JJ., dissent.

Order affirmed, etc.