SAUL STARK and SAM TURNER, Copartners, Doing Business under the Firm Name of STARK & TURNER, Respondents, *v.* THE PUBLIC NATIONAL BANK OF NEW YORK, Appellant.

Supreme Court, Appellate Term, Second Department, September 6, 1924.

**Banks and banking — action for breach of contract to present check for collection — check of third party received for collection by defendant bank upon plaintiffs' deposit — collecting agent liable for loss through carelessness — face of instrument prima facie evidence of amount of damages — plaintiffs entitled to damages based on face value of lost check in absence of proof showing loss was less than face value of check.**

Where a collecting agent has lost an instrument through carelessness and it is not duly presented or paid or where an indorser or other party to the instrument has been released by the failure of the collecting agent to present it, although the instrument is returned to the holder, the latter has been damaged, at least to the extent of having lost his claim and right of action against the party released, and in such case the face of the instrument is *prima facie* the amount of his damage. However, the collecting agent may offer proof to show that the loss was less than the amount of the check.

Accordingly, plaintiffs are entitled to the face value of a check of a third party, deposited with and received by the defendant bank for collection, which was lost by the defendant and never presented for payment, where the plaintiffs not only have been deprived of the evidence the check would furnish but also do not know the name of the maker should they care to make claim and where there is nothing to indicate that their loss was less than the amount of the check.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, seventh district, entered in favor of the plaintiffs.

*Moses & Singer* (*Benjamin H. Margolies*, of counsel), for the appellant.

*Joseph J. Levine*, for the respondent.

CROPSEY, J.    The plaintiffs had an account with the defendant. The check of a third party which plaintiffs deposited to the credit of their account was lost by defendant and was never presented for payment. The plaintiffs by the judgment appealed from have recovered the amount of the check.

If the check had been accepted by defendant as cash then the defendant would have been its owner. *Lyons* v. *Union Exchange National Bank*, 150 App. Div. 493. In such a case if the defendant negligently failed to present the check and for that reason it was not paid before the maker became insolvent, it would have to bear the loss, although had it promptly made presentment and the check had been dishonored it could, upon giving proper notice,

have held the plaintiffs as the indorsers. *Heinrich* v. *First National Bank*, 219 N. Y. 1, 5, 6.

But here there was no special agreement, and nothing to show that the check was accepted as cash. On the contrary the statement in the pass book showed that it was received for collection only. Therefore, the title to the check did not pass to the defendant. *Stein* v. *Empire Trust Co.*, 148 App. Div. 850, 852; *National Park Bank* v. *Seaboard Bank*, 114 N. Y. 28.

The question presented involves the measure of damage where a collecting agent has through his carelessness lost a check and, therefore, has failed to present it for payment, and also the determination as to whether the face of the check is *prima facie* evidence of the amount of the loss.

This action was for a breach of contract to present the check for collection. The claim is based upon the negligence of the defendant, and in the latter's brief it is conceded that the question should be determined as though the action was based on negligence. There is no dispute as to the duty of the defendant, and the finding below, which is not challenged, is that the check was lost through the carelessness of the defendant, and for that reason was never presented for payment. The proof also showed that plaintiffs did not know the name of the maker of the check, and had no way of ascertaining it and that the check had never been paid.

A reading of the decisions might seem to indicate that they present conflicting rules upon this point. But I think there really is no conflict, and that the apparent differences are reconcilable.

The general rule is that a collecting agent who negligently fails to present a negotiable instrument is liable for the actual loss sustained by its holder. The first consideration, therefore, in a given case is whether any damage has been suffered. Where the failure of the collecting agent to present the instrument has not resulted in any party thereto being relieved from liability and the instrument is returned to the holder's possession, then, in the absence of proof that the failure to present it has in fact caused a loss to the holder, only nominal damages may be recovered. *Allen* v. *Suydam*, 20 Wend. 321, 329, 330; *First National Bank* v. *Fourth National Bank*, 77 N. Y. 320, 329. In such a case the holder has not lost any right of action and has in no way suffered loss. He is in precisely the same situation he was in when the instrument should have been presented.

But where an indorser or other party to the instrument has been released by the failure of the collecting agent to present it, although the instrument is returned to the holder, the latter has

been damaged, at least to the extent of having lost his claim and right of action against the party released, and in such a case the face of the instrument is *prima facie* the amount of his damage. *First National Bank* v. *Fourth National Bank*, 89 N. Y. 412, 417 (second appeal). The collecting agent, however, may offer proof to show that in fact the holder was not damaged, either because the released party was not solvent at the time the presentment should have been made, or that the party remaining liable, if there be one, is solvent, or by showing other pertinent facts. *National Revere Bank* v. *National Bank of Republic*, 54 App. Div. 342; affd., 172 N. Y. 102, 109; *Gilpin* v. *Columbia National Bank*, 167 App. Div. 46, 49; affd., 220 N. Y. 406; *Howard* v. *Bank of Metropolis*, 95 App. Div. 342, 345; *S. C.* (second appeal), 115 id. 326; *Bridge* v. *Mason*, 45 Barb. 37.

The ground of distinction between the decisions seems to be that where the holder has lost something, even if it be but a right of action against one party liable on the instrument, there is presumptively a damage although there be no proof of the holder's inability to collect from some other person on the instrument. Then the rule becomes operative that the face of the instrument is *prima facie* the amount of the loss. But where the proof fails to show the holder has lost anything there is no damage established and the above rule has no application. For a note collating many cases on this general subject and pointing out the apparent conflict, though perhaps not suggesting the reconciliation that may be possible as to many of them, see 19 A. L. R. 555–601.

Where the collecting agent has lost the instrument through carelessness, and hence it is not duly presented or paid, his liability may be greater than if he merely neglected to present it. For a mere failure to present, as we have seen, there may be no damage if the holder has not lost anything thereby. But when the instrument is lost the holder always is deprived of something. At least he has lost the evidence which the instrument itself would have constituted after the maker's signature had been established, viz., name of payee, amount, date, etc. Thus, damage has been suffered. And this would be true even if the holder knew who the maker was and so could present a claim as upon a lost instrument. In the case under review the holder not only has been deprived of the evidence which the check would furnish, but, as he does not know the name of the maker, he cannot make such a claim. The loss of the check did not legally relieve the maker from liability to the plaintiffs, but because the latter do not know the maker's name that is the practical effect of it. While they have not lost their claim the plaintiffs have lost the only proof by means of which

it could be established. And in time the claim itself will be barred. This is additional damage.

Where no presentment was made because the instrument was lost, though not through the carelessness of the collecting agent, the latter is liable for any damage occasioned by its neglect in failing reasonably to discover the loss and to give the holder notice. *Shipsey* v. *Bowery National Bank,* 59 N. Y. 485.

It is true that the giving of a check does not, in the absence of special circumstances, extinguish the original debt, and if the check is not paid an action will lie upon the original indebtedness. *Guilford* v. *Mulkin,* 85 Hun, 489; *Schmidt* v. *Livingston,* 16 Misc. Rep. 554. Here, however, the loss of the check has deprived the plaintiffs of their right to press that claim. They do not know the name of their debtor. The check alone would disclose it.

In an action for breach of contract to collect a check it has been stated that the collecting agent must either return the check or pay the money it represents. *Kirkham* v. *Bank of America,* 26 App. Div. 110, 121. This is a simple rule and one free from difficulties of application, but does it correctly fix the liability? If the failure of the agent to collect the money or to return the check was wilful, conversion would lie, but even then, as will be shown shortly, the liability is not absolutely fixed at its face value. If the failure was not wilful, as, for instance, if the check was lost, as here, there would be no conversion. In the latter case the liability would be the damage which the holder had sustained. If in fact there were no damage only a nominal recovery could be had. This would be determined in the manner already indicated. If there were a conversion the damage would be the value of the check. Presumptively this would be the amount called for on its face. But this would not absolutely fix its value. The agent would be permitted, if he could, to prove it was of less or no value. *Potter* v. *Merchants' Bank,* 28 N. Y. 641, 655; *Booth* v. *Powers,* 56 id. 22, 27–29. The above rule was recognized and approved in *Griggs* v. *Day,* 136 N. Y. 152, but because the proof there showed that the notes were worthless it was held that their face value could not be recovered. The rule is the same whether the instrument is that of the plaintiff or of a third party. *Thayer* v. *Manley,* 73 N. Y. 305. A similar rule prevails where a party wrongfully puts into circulation a negotiable instrument made by another. The party committing the wrong is liable, and the face value of the instrument is presumptively the amount of the damage. *Metropolitan Elevated Railway Co.* v. *Kneeland,* 120 N. Y. 134, 144. The rule that the face value of the instrument is presumptively its worth does not apply to a certificate for shares of stock

of a corporation. It is not an obligation to pay money and the shares are not presumed to be worth their par value. *Hussey* v. *Flanagan*, 237 N. Y. 227, 235; *Babcock* v. *Harrsch*, 141 N. E. Rep. (Ill.) 701.

As there was proof that the plaintiffs were damaged and there was nothing to show their loss was less than the amount of the check the judgment in their favor in the amount thereof was proper and it should be affirmed, with costs.

LAZANSKY and MACCRATE, JJ., concur.

Judgment affirmed.