■ NORMAN L. HOFFOWER et al., Doing Business as N. L. HOFFOWER Co., Respondents, v. PENNSYLVANIA EXCHANGE BANK, Appellant.— Judgment and order unanimously reversed on the law and facts and new trial granted, with costs to appellant to abide the event. Memorandum: When this appeal was previously before this court (8 A D 2d 585) we reversed upon the ground that the proof did not support the finding that plaintiff's damage was the face amount of the checks. We expressly stated, however, that we did not pass upon any other question. Upon that prior appeal the defendant raised serious questions as to whether plaintiff had made out any cause of action. Upon the retrial plaintiff proceeded as if a new trial had been ordered only upon the issue of damages and offered in evidence the prior record on appeal. The only additional proof offered upon the subject of damages was a certificate of the State Tax Commission showing that the drawer (Suburban Driving Center, Inc.) of the four checks was organized in 1948; that it had paid franchise taxes to and including the tax which became a lien May 15, 1954 and that the corporation was dissolved by proclamation on December 15, 1958 pursuant to section 203-a of the Tax Law. Where, as here, the failure of the collecting agent to present the instrument has not resulted in any party thereto being relieved from liability and the instrument is returned to the holder's possession, then in the absence of proof that the failure to present it has in fact caused a loss to the holder, only nominal damages may be recovered. (*First Nat. Bank* v. *Fourth Nat. Bank*, 77 N. Y. 320, 89 N. Y. 412; *Howard* v. *Bank of Metropolis*, 95 App. Div. 342; *Stark* v. *Public Nat. Bank*, 123 Misc. 647.) If more than nominal damages are sought the amount thereof " depends on the inability of the owner to collect from the maker or drawer. Proof of the maker's insolvency, though not necessary to establish the cause of action, is therefore material to show the extent of the damages. The testimony of a witness that he knows of his own knowledge that the maker was indebted at the time of his death, specifying the names of the creditors and the amounts,

is competent as bearing on the question of the plaintiff's ability to collect from the maker." (8 Zollman, Banks & Banking, § 5675.) The certificate relied on by plaintiff has little probative weight as to the ability of plaintiff to collect from the drawer of the checks. Nonpayment of a franchise tax due a month previous is some evidence upon the issue but it was insufficient to support the conclusion of the trial court that the drawer was financially unable to pay the checks. The trial court also relied on the fact that the drawer corporation was dissolved by proclamation some four years after the check transactions. This has little relevancy as such a dissolved corporation continues its existence for the purpose of paying its liabilities and may be sued in its corporate name. (General Corporation Law, § 29; Tax Law, § 203-a, subd. 10.) This record does not support the finding that plaintiff's damage is the face amount of the checks. If there is to be a third trial all of the issues presented by the pleadings should be tried and a *de novo* decision made. (7 Carmody-Wait, New York Practice, p. 110; *Schroeder* v. *Syracuse Tr. Corp.*, 9 A D 2d 1012.) (Appeal from judgment of Chautauqua Supreme Court for plaintiffs in an action for damages for the claimed failure on the part of defendant to protest checks presented for payment and to wire nonpayment. The order denies a motion for a new trial.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.